## GEMANUEL L. MARTIN v. WILLIAM WHITE.

Where the venue was changed before the defendant was cited, and the latter, being cited to defend in the Court to which the venue was changed, excepted on the ground that he had not been cited before the venue was changed, and pleaded his privilege in abatement, which exceptions and plea were overruled ; the judgment was reversed, and the cause ordered to be sent back to the county where the suit was commenced.

Where a paper upon which the *prima facie* validity or correctness of the judgment depends, is lost, the party whose interest it is should proceed under the statute (Hart. Dig. Art. 2750, 2751,) to have the loss supplied before the case comes up for decision on appeal or writ of error.

Appeal from Ellis. Tried below before the Hon. Nat. M. Burford.

The facts are stated in the Opinion.

*C. M. Winkler,* for appellant.

*W. Croft,* for appellee, stated that notice had been served upon defendant before the change of venue, and that the defendant had suggested orally the disqualification of the Judge; that the notice had been lost, and that he therefore caused the defendant to be again cited in Ellis.

Martin v. White.

ROBERTS, J. This is a motion filed in the District Court of Navarro county by appellee against Martin as attorney, residing in said county, for failing to pay over money by him collected for his client, White. This motion appears to have been filed 30th June, 1853. At the Fall Term, 1854, plaintiff by his attorney files a motion for a change of venue, on account of the presiding Judge of the District being interested. At the same Term an entry is made ordering a change of venue to Ellis county.

The transcript of the record being filed in Ellis county District Court on the 6th April, 1855, on the same day a citation was issued to the Sheriff of Navarro county, requiring him to summon said Martin to answer this motion at the next Ellis Court; which was executed and returned. On the 26th of April, 1855, Martin by attorney filed his exceptions to the service; that he ought not to be held to answer the motion, because he had not been served with process, or otherwise legally notified of the pendency of this motion, prior to the change of venue; and prayed that the proceedings against him be abated, &c. He also at the same time filed a plea in abatement sworn to by him, that. he was, then and at the time of the filing the plaintiff's motion, a resident citizen of Navarro and not at any time of Ellis county.

On the 20th day of June these exceptions and the plea of abatement were overruled by the Court, the defendant excepted to the ruling and answered to the merits.

At a Term of the Court after this, the cause was determined in favor of the plaintiff, for a balance due and in the hands of the attorney; from which judgment this appeal is prosecuted.

The appellant assigns as error the ruling of the Court in overruling his exceptions and plea in abatement. It is stated by appellee's attorney, that there was legal notice of this motion given to defendant while the case was in Navarro Court, and that the same has been lost. It would have been competent for the party to have substituted the lost record. (Hart. Dig. Art. 2750, 2751.) This not having been done, and no service of notice appearing in the record before the venue was changed from Navarro to Ellis county, this Court must treat it as a case in which no notice had been previously given.

The statute requires that such a motion shall be filed in the county where the attorney "usually resides or in which he resided when he collected or received the money; notice of which motion shall be served on such party at least five days before the trial thereof." (Hart. Dig. Art. 62.) The action of the

Court in changing the venue is erroneous, for want of such notice to Martin. The notice that was issued from Ellis Court did not cure the error or obviate the difficulty. For that was not a county in which plaintiff had the right to proceed against the defendant, if the facts stated in the plea in abatement were true. They must have been taken to be true by the Court in overruling the plea.

We are of opinion that the exceptions of defendant should have been sustained, and the cause sent back from Ellis to Navarro Court. Judgment is reversed and cause remanded.

Reversed and remanded.