DAVID L. CROSS v. HENRY H. EVERTS AND WIFE.

The statute of frauds has made no alteration in the rules of pleading. Therefore, in a petition founded on an agreement for the sale of lands, it is not necessary to state that the agreement was in writing. When declared upon generally, without stating whether it is in writing or not, it will be presumed to be in writing so far as the pleadings are concerned. (Paschal's Dig., Art. 3875, cl. 4, Note 904.)

But in a suit against a husband and wife, to enforce their contract to alienate their homestead, it is necessary that the petition should show that the wife

executed the contract in the mode prescribed by the statute. (Paschal's Dig., Art. 1003, Note 427.)

The privy examination, acknowledgment, and declaration before the officer, as required by the statute, are the essence and foundation of the obligation of her deed; and facts so fundamental as these, and so indispensable to her liability on the contract, cannot be supplied by presumption or inference, but must be averred.

If the petition show that the land in controversy is the homestead of the defendants', and fail to show that the contract for its alienation was executed by the wife in the mode prescribed by the statute, it follows, that it is apparent on the face of the petition that the contract invests the plaintiff with no right in the defendants' homestead; and therefore a general demurrer should be sustained to the petition, in so far as it seeks a specific performance of the contract. (Paschal's Dig., Note 198.)

Every person, in legal contemplation, has a domicil somewhere, and can have but one at any given time; and with regard to a change of domicil the general rule is, that the original domicil is not lost until a new one is actually acquired, *facto et animo*. (Paschal's Dig., Note 198.)

If, in opposition to this general rule, it be admitted that an old homestead may be abandoned before a new one is acquired, the fact of abandonment can be established only by the most clear, conclusive, and undeniable evidence.

The plaintiff alleged in his petition that, in pursuance of an agreement for the exchange of lands, he was admitted by the defendants into the partial possession of the land sued for, which was the homestead of the defendants; that the defendants had continued to reside on the land, and now refused to consummate the exchange by surrendering possession of the dwelling-houses on the land occupied by them, or by receiving reciprocal conveyance from the plaintiff: *Held*, that these facts do not show an abandonment by the defendants of their homestead, but only a temporary intention to exchange it for a new one, and a change of that intention into a determination to retain their old homestead.

Neither do the facts thus alleged establish a fraud, for which the female defendant would, notwithstanding her coverture, be responsible in damages to the plaintiff. The land being the homestead of the family, and her agreement to exchange it for other land not having been executed in the mode prescribed by the statute, she had a right to retract her consent to the exchange; and her refusal to consummate it was not a fraud either in law or fact, and gave the plaintiff no right of action against her, either for specific performance or for damages. (Paschal's Dig., Art. 4636, Note 1043.)

The plaintiff, suing a husband and wife, framed his petition with a double aspect and an alternative prayer, seeking either a specific performance of the defendants' agreement to exchange their homestead to him for other land, or else damages for their breach of the agreement. The petition

failed to show that the wife executed the agreement in the mode prescribed by the statute for the conveyance by married women of their homesteads or separate property: *Held*, that a general demurrer to the petition was properly sustained, in so far as a recovery was sought against the wife, either by way of specific performance or judgment for damages. (Paschal's Dig., Art. 1003, Note 427.)

But as to the husband, although a specific performance could not, on account of the rights of his wife, be decreed against him, yet he was liable in damages, and the demurrer should have been overruled, in so far as the petition sought a recovery in damages against him. This last ruling, however, proceeds upon the presumption, arising from the petition, that the agreement to exchange, or some memorandum of it, was in writing; for otherwise, the agreement being in contravention of the statute of frauds, no action for damages would lie for its breach. (Paschal's Dig., Art. 3875, Note 904.)

APPEAL from Williamson. The case was tried before Hon. J. A. HOUGHTON, one of the district judges.

Suit by the appellant, Cross, against the appellees, H. H. Everts and Catharine his wife. The original petition was filed on the 3d of February, 1866. It set forth that, about the 18th of July, 1865, the plaintiff and defendants made a mutual exchange of lands, or an agreement for the exchange of lands, plaintiff agreeing and contracting to transfer to defendants, by way of exchange, a certain described tract in Burleson county, containing two hundred and seven acres; and the defendants, in consideration thereof, exchanging or agreeing to exchange and transfer to plaintiff a certain other described tract situated in Williamson county, and containing one hundred and seventy-nine acres; that the principal inducement to plaintiff to enter into the exchange was, that he was the owner of two other tracts of land in Williamson county, lying on each side of the tract last above mentioned, and separated by it from each other; that the defendants did not consider the tract which plaintiff was to exchange to them as equal in value to that which they exchanged for it, and in consequence it was stipulated between defendants and plaintiff that plaintiff should cause to be erected on the former tract a small house or cabin,

and that so soon as the same was erected complete exchange and transfers should be made; that petitioner, in full compliance with this stipulation, had a small house erected immediately after the agreement, and afterwards, about the 1st of August, 1865, petitioner contracted to rent the land in Williamson county to certain parties in Lavaca county, who soon afterwards, having disposed of their property there, removed from said county, and, as the agents of petitioner, entered upon the possession of the said land with the consent of the defendants, who delivered such possession; that said parties, with the consent of the defendants, proceeded to and did break up a part of the land, and sowed wheat in the same, during which operations the defendants retained the possession of the dwelling-houses on the land, but merely as tenants of the plaintiff, until the house on the land in Burleson county should be completed by plaintiff; that, in full compliance with petitioner's part of the contract, he had tendered to the defendants a full and perfect transfer of the land in Burleson county, and he is now willing and anxious to complete the transfers and exchange, but that the defendants have failed and refused to deliver to the petitioner or his agent or tenants the possession of the said dwelling-house on the land in Williamson county, and to perfect the exchange and transfer of the same; that defendants allege, as their reason for so refusing, that said land is their homestead, and that the defendant, Catharine, refuses to complete the exchange of it; that the said Catharine, prior to said agreement, represented to petitioner that she was not merely willing, but was anxious to make the exchange, and that petitioner declared to her that he would not make the agreement unless she were perfectly willing; that, by reason of the refusal of the defendants to comply with their contract and deliver possession of said dwelling-houses and land, petitioner has forfeited his contract with the parties from Lavaca county, to whom he had rented

the same, and will have to respond to them in damages; that by reason of the refusal and conduct of the defendants the petitioner has sustained damages to the amount of $600. He prays for judgment, divesting out of the defendants the title to the land in Williamson county, and vesting the same in him, and for his said damages, or, if such specific performance cannot be decreed, then that he have judgment for his damages against the defendants, and for general relief.

On the 2d of May, 1866, the defendants excepted to the petition, because, 1st, it does not allege the contract to have been made in writing; and, 2d, the petition is defective and insufficient to sustain a suit against the defendants. They also filed a general denial and a special answer, averring that no contract in writing was ever made between them and the plaintiff for the exchange of their lands, and that, if any agreement were ever made to that effect, it was a verbal agreement, and was null and void; that the land in Williamson county was the homestead of the defendants, and could not be alienated by them except in the mode prescribed by law.

On the next day the plaintiff amended his petition, and alleged that the agreement for the exchange was to be carried into complete effect as soon as he fully performed his part of it, by building the house on the land in Burleson county, and that the deeds were then to be made, and the whole agreement was to be fully performed within twelve months from the time it was entered into; that petitioner built the house at an expense of $200, and had in every respect fully performed his part of the contract; that inasmuch as petitioner might be absent when the house should be completed and the defendants were to remove to it, it was agreed that a mutual exchange and delivery of the deeds should be effected by depositing them in the hands of a certain third party; that petitioner proceeded to erect the said house in good faith and at great expense, and did

erect it, as already stated; that on his part there had been a full performance of the contract, and on the part of the defendants a part performance of it; that in July, 1865, petitioner did deposit in the hands of the said third party a deed to the defendants for the land in Burleson county, to be delivered in accordance with the agreement, and thereby the title to said land was vested in the defendants; that the land in Williamson county, by the voluntary act of the defendants, had ceased to be their homestead; that they, by their said acts and agreements, abandoned the same as their homestead, and elected another homestead; that the defendants, for the purpose of defrauding petitioner, refused to comply with their said agreement; that the said Catharine made sundry representations to petitioner to induce him to make the agreement, and expressed her willingness to change her homestead and to sign the deed at any time, and by such false representations induced petitioner to make the outlays already stated, and to incur the liability stated to his said tenants.

The cause was submitted to the court on the original and amended petitions of the plaintiff and the exceptions of the defendants, and thereupon the exceptions were sustained, and judgment was rendered for the defendants. The plaintiff appealed, and assigned for errors, 1st, that the court erred in sustaining the exceptions; and, 2d, that the court "should have held over the case for trial as to the damages asked in the plaintiff's petition."

*Hancock & West*, for appellant.—The only special informality and imperfection pointed out was a failure to aver that the contract was in writing. The mere failure to aver that the contract was in writing was not a sufficient exception, if the petition brought itself within that class of cases in which a parol agreement to convey land will be enforced, notwithstanding the statute of frauds.

This court has frequently held, that under certain cir-

cumstances, where there has been payment of the purchase-money, and a full performance of the contract, equity will decree a specific performance. (Dugan v. Colville, 8 Tex., 26; Hunt v. Turner, 9 Id., 385; Ottenhouse v. Burleson, 11 Id., 87; Cox v. Bray, *ante*, 247.)

The plaintiff's averments of complete performance on his part, and of partial performance on the part of the appellees, brought him, we think, clearly within the rule in the cases above cited.

At all events, we think it is clear that, if the petition were obnoxious to the objection that the contract was in parol and in contravention of the statute of frauds, it certainly should only have been sustained to the extent that a specific performance was sought, and the remainder of the petition should have been sustained to settle the question of damages.

The remaining portion of the demurrer, which is general in its character, can scarcely be held to warrant the court in dismissing the petition. (See Sayles' Prac., § 474, and Tex. Plead., §§ 370 to 390, where all the earlier authorities, down to 17 Tex., are grouped.) A general demurrer has been generally held in our practice, as will be seen from the authorities, as a species of dilatory plea, and therefore odious to the courts.

In Black v. Drury, 24 Tex., 289, it was held, that under our system great liberality is indulged in favor of pleadings to which special exception is not taken, and, on general demurrer, general statements of facts will not vitiate a pleading.

In Trammell v. Trammell, 20 Tex., 406, it was held, as well settled law under our practice, that a general demurrer will not reach defective averments in pleading which might have been cured by amendment.

The case of Williams v. Wright, 20 Tex., 399, is also to the point, it being held there that, where the cause of action

34—XXVIII

is in its general nature sufficient, a general demurrer will not lie.

That a married woman can commit a fraud, and be held responsible for it, is well settled law in our courts. (Howard v. North, 5 Tex., 290; Cravens v. Booth, 8 Id., 243; O'Brien v. Hilburn, 9 Id., 297.)

The position taken by the appellees, that if we are not by law entitled to a specific performance, we cannot obtain damages, we think fallacious. A different doctrine is laid down in Boze v. Davis, 14 Tex., 331.

*Chandler & Turner*, for appellees.—We submit, I. The contract for the sale of lands not having been in writing was void; therefore no contract.

II. No change of circumstances is shown sufficient to take the case out of the operation of the statute, and no specific performance can be decreed.

III. The contract being for the sale of the homestead, no alienation short of the one prescribed by law could divest the title of the defendants, nor is it believed that any possible equities could be shown to compel its alienation by specific performance. (Hart. Dig., Arts. 174, 175, 176; 11 Tex., 20; Shepherd v. Cassidy, 20 Ib., 24; Ganhenant v. Cockerell, 20 Ib., 96.)

IV. The alleged contract, being absolutely void, cannot constitute the basis of an action for damages, as void things are no things. (Travis v. Duffau, 20 Tex., 56, 57, and 58; Sedg. on Dam., 31.)

V. If damages could be sustained at all under such state of the case, the employment of tenants is too remote; the damages alleged in building on his own land are too remote, as well as being "damages without injury," if damage it is. (Sedg. on Dam., 36, 37.)

VI. In no event could this action be sustained against Mrs. Everts jointly with her husband; therefore the case was properly dismissed.

· VII. The only fraud alleged is the refusal to execute a void contract. This is no violation of a legal right, and no legal remedy can be given, and the general allegation of fraud cannot avail, as the facts charged do not constitute fraud, and the court will not regard the conclusion of attorneys over facts. The question then is, is it fraudulent to refuse to carry out a void contract? (Neill v. Newton, 24 Tex., 202.)

The case of Duggan v. Caldwell, cited by appellant, (8 Tex., 126,) is in our favor, as all that is alleged to have been· done does not place the appellant in a position different from what he occupied before. The most that is done or pretended is a little plowing on defendants' land, which changes the circumstances of appellant. So of all the cases cited by appellant upon this point.

COKE, J.—The ruling of the court below sustaining the demurrer to the petition is assigned as error.

For the purpose of considering the propriety of this ruling, the facts properly set out and plead in this petition are to be taken as true. The petition alleges "an agreement or contract for the mutual exchange of lands," entered into between the plaintiff and defendants, the details of which are alleged. It is not alleged whether this contract or agreement is in writing or not.

It is well settled that the statute of frauds has made no alteration in the rules of pleadings, and that it is not necessary to state in the petition that the contract or agreement for the sale of lands is in writing; and when such contract or agreement is declared upon generally, without stating whether it is in writing or not, it will be presumed to be in writing. The statute simply prescribes as a rule of evidence that, in all cases where such contracts are sought to be enforced, oral proof shall not be received, but that they must be established by written evidence. (Story's

Eq. Plead., § 762; James v. Fulcrod, 5 Tex., 512; Brock v. Jones, 8 Tex., 78; Dawson v. Miller, 20 Tex., 174; Dogget v. Patterson, 18 Tex, 162; Adkins v. Wilson, 12 Tex., 201; Browne on Stat. Frauds, 477, 481.)

The legal effect of the demurrer, then, is to admit the existence in writing of the contract or agreement set out in the petition. But it appears on the face of the petition that the land claimed in this suit, by virtue of this agreement, is the tract on which the defendants reside and have their homestead, and there is no allegation in the petition that Mrs. Everts, the wife, executed the agreement or contract in the mode prescribed by the statute, so as to be binding on her. (O. & W. Dig., Art. 207.)

It is well settled, that a compliance with the requirements of this statute is indispensable to the alienation of the wife's separate estate or of her homestead. (Callahan v. Patterson, 4 Tex., 62; Green v. Chandler, Galveston term, 13th January, 1860, [25 Tex., 148;] Nichols v. Gordon, Austin term, 10th November, 1860, [25 Tex. Supp., 109;] Roy v. Bremond, 22 Tex., 628.)

Without such compliance, her deed, signed, attested, and delivered, is as though it had never been written, is mere waste paper, is not her act and deed. (Lessee of Christian Good v. Elizabeth Zercher, 12 Ohio, 364; Perry v. Calhoun, 8 Humph., 556.)

The privy examination, acknowledgment, and declaration before the officer, as required by the statute, is the essence and foundation of the obligation of her deed. Facts so fundamental in fixing the liability of the appellees and the rights of the appellant, if they exist, should be averred. They cannot be supplied by presumption or inference.

It follows, that the agreement or contract declared on, not being executed by Mrs. Everts in the mode prescribed by the statute, is absolutely null and void as regards Mrs.

Everts, the wife, and that it vests no shadow of right in the appellant to her homestead tract of land, for which he sues in this action.

But it is insisted, that the facts stated in the petition show an abandonment of the homestead on the land in question by the defendants, and the acquisition of a new homestead on the land alleged to be acquired by the exchange from the plaintiff, and that consequently no question arises as to the proper execution of the contract or agreement by Mrs. Everts. We are of the opinion that this position is not well taken.

It is alleged in the petition that, in pursuance of this agreement for exchange of lands, the appellant was admitted into partial possession of the land claimed; but it is admitted that the appellees continued to reside thereon, and have never ceased to do so; and the conclusion that they received or accepted the land, a deed to which was tendered them by the appellant, is distinctly repelled.

Every man must have a domicil somewhere, and can have but one. The more correct principle, says Judge Story, is, that the original domicil is not gone until a new one is actually acquired, *facto et animo.* (Story's Conf. of Laws, § 47.)

The rule to be extracted from the cases of Shepherd v. Cassidy, 20 Tex., 29, and Ganhenant v. Cockerell, 20 Tex., 96, where this question was discussed and decided by our predecessors in this court, and which is believed to be the correct one, is, that if it be admitted that an old homestead may, in opposition to this general rule laid down by Judge Story with regard to the change of domicil, be abandoned before the acquisition of a new one, it can only be on the most clear, conclusive, and undeniable evidence of abandonment of the homestead. Do the facts in this case bring it within this rule? We think most clearly not. On the contrary, it appears indisputably, from the allegations of the petition, that, while an intention to leave the old, and

acquire a new, homestead may have existed for a while in the minds of the appellees before any act was done to consummate it, that intention was abandoned, and succeeded by a determination to retain the old homestead.

It is also urged in the argument of appellants' counsel, that the facts alleged in the petition establish the commission of a fraud by the appellees, for which Mrs. Everts, the wife, may be held responsible in damages. And we are referred to the cases of O'Brien v. Hilburn, 9 Tex., 297; Howard v. North, 5 Tex., 290, and Cravens v. Booth, 8 Tex., 243, as authorities to sustain this position. It is so plain that the facts of this case do not bring it within the principle laid down in these cases, that a discussion of them with reference to that principle is deemed unnecessary. In this case there is no fraudulent misrepresentation, no concealment, no deceit, no fraudulent imposition; nothing but a refusal to comply with an absolutely void promise to convey her homestead, which the appellant knew Mrs. Everts had a legal right to retract at any time, even up to the last moment before it was consummated. However reprehensible in morals this failure to make good her promise may be, it is not fraudulent either in fact or in law, and gives to the appellant no right of action against her.

Not so as to her husband, the appellee, Henry H. Everts. He is competent to bind himself in such an agreement as his demurrer admits that set out in the petition to be; and while specific performance of it cannot be enforced on account of the rights of his wife, he is clearly liable to respond in damages for its breach.

In Brewer v. Wall, 23 Tex., 589, Mr. Justice BELL, delivering the opinion of the court, says:

"It is true that a husband is not at liberty to alienate the homestead during the wife's life without her consent. But we cannot perceive that a bond executed by him in his wife's lifetime, conditioned that he will convey his

homestead with a perfect title at a future time, would be a void instrument in contemplation of law.    We think such a bond would be binding upon the husband, and that upon a breach of it damages might be recovered against him by suit upon the bond."

The appellant by his petition seeks specific performance of the alleged contract, and, if that cannot be had, then damages for its breach. The allegations of his petition are sufficient to sustain an action for damages against the appellant, Henry H. Everts.    The court below therefore erred in sustaining the demurrer and dismissing his suit, for which the judgment must be reversed.

The opinion and judgment of the court are based on the presumption that the contract or agreement declared on, or some memorandum thereof, is in writing; if the contrary conclusion could have been legitimately arrived at from the record, we would have affirmed the judgment, because in that event, being in contravention of the statute of frauds, an action for damages for its breach could not be maintained.    (Brown on Stat. Frauds, sec. 118; Kidder v. Hunt, 1 Pick., 328; Lockwood v. Barnes, 3 Hill, 128; Ray v. Young, 13 Tex., 552; O. & W. Dig., Art. 936.)

Judgment reversed and cause remanded for further proceedings.

REVERSED AND REMANDED.