### S. ROBERT ET UX. v. C. EZELL ET AL.

### No. 914.

**1. Married Woman—Parol Gift of Land—Revocation.**

A parol gift of land by a married woman may be revoked by her, even where the donee, relying upon the gift, has taken and continued possession for several years and made valuable improvements; nor will her verbal promise to convey such land to the donee by deed be enforced, unless, aside from such gift and promise, she has been guilty of some deceit or fraud upon which the donee has relied and acted.

**2. Same—Improvements in Good Faith—Rents as Offset.**

In such case the donee, defending in trespass to try title, is entitled to the value of improvements made by him in good faith with the knowledge and consent of the married woman (plaintiff), and she is entitled to rents, which, if necessary to offset the claim for improvements, will not be limited to two years next prior to the suit, but may be estimated for the full time of defendant's possession.

APPEAL from Houston. Tried below before Hon. A. C. WATKINS.

*Nunn & Nunn,* for appellants.

*Madden & Lipscomb* and *John I. Moore,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted in December, 1893, by the plaintiffs, husband and wife, to recover three hundred and twenty acres of land, claimed as the separate property of the wife, and for rents. The defendant, Laura Ezell, joined by her husband, pleaded not guilty; and for special answer averred, that in December, 1880, she was married to Salathiel Robert, the son of the plaintiffs, and continued to be the legal wife of the said Salathiel until his death, which occurred in December, 1887; that the plaintiffs jointly gave the land to her husband in the month of December, 1880, and assured him that it should be his property in fee, and placed him in possession thereof; and that the said Salathiel, relying upon the assurances so made him, with the full knowledge of both the plaintiffs, made permanent and valuable improvements on said land, and expended much money and labor in making same; that her husband and herself, and their children, occupied said premises from the summer of 1881, as their home, until his death; and that herself and her children, the fruit of her marriage with the said Salathiel, have continued so to occupy the place since his death; that during the life of her said husband, he

claimed and used said land as his own, receiving and enjoying, with his wife and children, the 'rents and profits thereof, to the exclusion of plaintiffs, and with their full knowledge and consent; and that the said plaintiffs, each repeatedly during the life of their said son, acknowledged that he owned said property; and have, since his death, acknowledged that the land was the property of their said son's children; and have promised to make to them a deed of conveyance to the premises. These facts, defendants pleaded in estoppel to the claim of title by plaintiffs; they pleaded also improvements and occupancy in good faith, and also statute of limitation. The plaintiffs replied, denying the gift of the property, and pleading the coverture of the plaintiff Arthusa Robert, in reply to the alleged parol gift set up by defendants, and to their pleas of limitations. Upon trial, the court instructed the jury to find the land for the plaintiffs, and to allow defendants for the value of permanent and valuable improvements, if any, made by the said Salathiel Robert, not to exced the increased value to the land resulting from the improvements, and that plaintiffs, if the jury allowed for improvements, might recover the reasonable rental value of the lands, exclusive of the improvements, from the time the premises were demanded by plaintiffs of defendants; and if no demand was made, then from the institution of the suit. The jury returned a verdict for the land for plaintiffs, and for improvements for defendants, and for rent in accordance with the instruction given them on that subject. Judgment was rendered in conformity with the verdict, and both parties have appealed to this court.

The evidence, though conflicting, was amply sufficient to sustain the averments of the answer as to the gift of the land, the admissions by plaintiffs of their son's ownership, and of his occupancy and use of the premises, and of the improvements made thereon by him with the knowledge and consent of his parents. The appellee insists that such facts estop plaintiff from denying the defendant's title. It is well settled by the decisions of the Supreme Court of this State, that a married woman can divest herself of title to her land only in the mode prescribed by the statute, unless by some fraudulent representations, or act on her part, which is relied on, and acted on, she is estopped from setting up claims to the land. In the case of Fitzgerald v. Turner, 13 Texas, 79, the husband sold a tract of land, owned in common by himself and his wife, they having inherited it from their son; the sale was made at the instance of the wife, for the purpose of procuring a negro slave to wait on the wife; the wife approved the sale after it was made, and continued to assent to it till her death; and had the services of the negro woman till her death; and she well knew that the defendant, and those under whom he claimed the land, were making valuable improvements thereon, and she permitted same to be done, without objection on her part; and the negro woman procured through the sale of the land, lived for several years after the wife's death, with her children, and served them till her death. These facts were held not sufficient to estop the heirs of Mrs. Fitzgerald from recovering the land from those

claiming under the conveyance made by her husband at her request and for her benefit. This case is in accord with others which might be cited, and it is conclusive against the defendant's claim to the land.

To estop a married woman by acts in pais, she must make some false and fraudulent misrepresentation by which the purchaser was deceived, and upon which he acted. When the purchaser knows the property is that of a married woman, the law charges him with knowledge that the property can only be conveyed by deed from her and her husband, duly acknowledged by her, separate and apart from her husband, before an officer authorized by the law, to take the acknowledgment. In this case, Salathiel Robert is charged with knowledge that his mother's parol gift of the land to him, if she made such gift, did not convey title to him, and was not binding on her; and, therefore, her subsequent repudiation of such gift, though it had been made with the intention to repudiate it, was not, in law, a fraud upon him. Berry v. Donnelly, 26 Texas, 737; Cross v. Everts, 28 Texas, 523; Steed v. Petty, 65 Texas, 490. As was said in Fitzgerald v. Turner, supra, our reports furnish no decision in conflict with the decision rendered therein, unless it be the case of Clayton v. Frazier, 33 Texas, 91; and that case has not been followed, and is not regarded as authority. The case of Ryan v. Maxey, 43 Texas, 192, cited by appellee, like the case of Dalton v. Rust, 22 Texas, 133, holds that where a married woman goes into court and obtains a judgment for the sale of property, she is estopped from afterwards claiming the property from a purchaser at a sale made under the judgment. She is bound by the judgment rendered for her, and upon her prayer. The argument of appellee against the propriety of disturbing family settlements, should be addressed to the law-making power, and not to the judiciary. The court, therefore, did not err in instructing the jury to find the land for Mrs. Robert, nor in refusing the instruction asked by the defendants. But while the law of this State does not permit the acts of a married woman, except such as would constitute a fraud upon the purchaser, to estop her from recovering her land, where it has not been conveyed in accordance with the statute, she may by her acts incur liabilities to the purchaser which equity will enforce, and compel her, as a prerequisite to her recovery, to discharge. In accordance with this rule, the court, we think, properly instructed the jury to find for the defendants the value of their improvements, if they found from the evidence that Salathiel Robert was an occupant of the premises in good faith. But the court erred in instructing the jury not to allow plaintiffs rent for any period prior to the demand by plaintiffs for the premises. Articles 4814 and 4815 are applicable to the facts of this case; they furnish the rule for adjusting the equities between the parties in cases of this character, and are obligatory upon courts and juries. If the wife be not estopped from recovering the land, it follows that she is entitled to the rents, if necessary to offset the value of the defendant's improvements, from the time defendant's possession commenced until

it terminated, or until the trial, if their possession had not previously terminated. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 3, 1895.