NATIONAL EXCHANGE BANK OF DALLAS v. W. L. FOLEY ET AL.

Decided December 19, 1901.

**Venue—Sale of Claim—Collusion.**

Where the owner of a claim against a bank domiciled in another county, knowing that suit would have to be brought thereon, and in order to procure the venue in the county of his residence, sold the claim to plaintiff with guaranty of its payment, the plaintiff, having purchased in good faith, for value, and without notice of such purpose on the part of the owner, was entitled to maintain suit against his assignor and the bank in the county of the former's residence.

Appeal from Harris.    Tried below before Hon. Chas. E. Ashe.

*Perryman & Kottwitz* and *Coleman & Abbott,* for appellant.

*Hutcheson, Campbell & Hutcheson,* for defendants.

GARRETT, CHIEF JUSTICE.—The appellee W. L. Foley brought this action of debt in the District Court of Harris County, in the Eleventh Judicial District, against the appellant, the National Exchange Bank of Dallas, and John Finnigan, of Harris County, and R. E. Paine, of New York, composing the firm of John Finnigan & Co., doing business in the city of Houston, Harris County.    The facts upon which the alleged indebtedness arose, as stated in the petition and shown by the evidence, were that one H. T. Brady who managed the business of John Finnigan & Co. in the city of Dallas, April 5, 1899, drew a check for the sum of $2000 against the deposit account of said Finnigan & Co. with the said National Exchange Bank in payment of his own debt to said bank, which the bank charged to said account and applied so much thereof to payment of said Brady's debt.    On or about October 26, 1900, John Finnigan having made out a claim for said sum of money with interest against the bank, discounted and sold the same to the appellee with their guaranty of payment of said claim as well as of attorney's fees and all costs.    It was alleged and proved that the claim had been placed in the hands of attorneys for collection at an expense of $200. John Finnigan & Co. sold the claim to the appellee for the purpose of procuring the venue in Harris County of a suit which he knew must be brought thereon, but the appellee bought the claim for value paid in good faith as an investment, without knowledge of the purpose on the part of John Finnigan & Co.    The bank pleaded to the venue that the claim was collusively transferred to the appellee by John Finnigan & Co. for the fraudulent purpose of depriving it of the right to be sued in the county of its domicile and to confer jurisdiction upon the District Court of Harris County.    Upon trial of this issue the good faith of the appellee appearing, the court below overruled the plea.    Other defenses were made and evidence heard thereon, but it is not deemed necessary to a disposition of the case to make any statement thereof or to find further facts.

The appellant's third assignment of error is the only one that is at all in conformity with the rules, and the remaining ones will not be considered because they are too general.    The third assignment is that the court erred in its finding upon the plea of privilege, because it was unsupported by the evidence and was in direct conflict with the evidence, from which it appeared that appellee had entered into a simulated transaction with Finnigan & Co. for the purpose only of conferring jurisdiction on the District Court of Harris County.    The proposition under this assignment will not be disputed.    It is that "a plaintiff can not by collusion and for the sole purpose of suing a defendant in

a county other than his residence, join others as defendants, and by assignment of the debt to a third person, collusively and with no other purpose than to gain jurisdiction over the defendant, procure such jurisdiction in a county other than his place of residence." No collusion was shown because the appellee did not participate in the purpose of Finnigan & Co., but as an investment purchased and paid for the claim at a reasonable discount, without knowledge of such purpose. Payne testified that it would have cost him $500 or $600 to bring the suit in Dallas County, and upon the advice of his attorney he sold the claim to appellee at a discount of $100 and guaranteed it. That he said nothing to the appellee about the status of the claim and that appellee asked him no questions. That there was no secret understanding about the return of the money and that the transaction was genuine. Foley testified that it did not occcur to him that it is a peculiar transaction. He is not a broker; he is in the dry goods business and does not make it a rule to buy accounts. Finnigan & Co. said nothing to him about suing when he bought the account, and he did not know when he bought it that there would be a law suit. He expected it would be paid on presentation, and bought it because Finnigan & Co. guaranteed it. He knew them to be a solvent concern and knew Mr. Payne's business integrity; and there was no agreement outside of the paper. We are of the opinion that the finding of the trial court was supported by the evidence, and the appellee, having bought the claim in good faith for value paid, had the right to join John Finnigan & Co. and the appellant as defendants in a suit against them on said claim in the District Court of Harris County, the residence of Finnigan in said county giving jurisdiction over the other defendants. The judgment will be affirmed.

*Affirmed.*

Delivered December 19, 1901.