### J. R. West et al. v. G. W. Clark et al.

Decided January 4, 1902.

**1.—Married Woman—Specific Performance—Will.**

A married woman can not be compelled to make a will in favor of any person, nor can she bind herself not to make a will.

**2.—Fraud—Promise of Bequest—Value of Services—Limitation.**

A cause of action for the value of services rendered on the faith of a promise to give compensation therefor by devise or bequest arises when such promise is repudiated or otherwise broken, and limitation does not begin to run where the promise is merely a deceitful pretense until the fraud is or ought to be discovered.

Appeal from Erath. Tried below before Hon. W. J. Oxford.

*Daniel & Keith,* for appellants.

*Parker, Carlton & Parker,* for appellees.

STEPHENS, Associate Justice.—Appellants brought this suit December 6, 1900, for the specific performance of a contract made with Louisa Hethcock, now Louisa West, when she was about 13 years of age, by the terms of which appellee G. W. Clark and his wife, L. C. Clark, agreed that if Louisa Hethcock would live with them as their child and assist them in their work till she was of age or married, they would adopt her as their heir or will their property to her, and she should have all of the property of each of them at death, and "that they would fix things so that she would get it," they having no children. The petition alleged full compliance on her part with this condition, charging that, relying upon said promise, she served them faithfully till she was 24 years old, March 31, 1897, when she became the wife of J. R. West; that she assisted them in accumulating and saving about $9000 worth of property; and that the services so rendered were worth $3600; praying in the alternative to recover that sum.

She was adopted by G. W. Clark and wife as the heir of each of them

by a written instrument dated June 30, 1890, executed as provided in our statute on that subject; but Mrs. Clark died October, 1900, leaving a will made in May of that year, by which she devised and bequeathed all her property, consisting of her share of the community estate, of the estimated value of $5000, to G. W. Clark for life, with remainder to her collateral kin, who were made defendants.

It was also alleged that G. W. Clark had made a similar will, and that it was his declared purpose to prevent Louisa West from inheriting any part of the estate of himself and deceased wife. The petition contained, among others, the following paragraphs:

"Plaintiffs allege that the defendant G. W. Clark and his wife, Lucy Catherine Clark, falsely and fraudulently made the promises, representations, and agreements to and with said Louisa West, as hereinbefore alleged, in order to induce the said Louisa West to remain with them in their home and to thereby secure her services and labor. That the defendant and wife did not intend to carry out such promises and agreements at the time they made them, and knew that they did not intend to do so, but made them for the purpose of deceiving the said Louisa West, and to thereby secure her services. That the said Louisa West, relying upon and having implicit confidence in the said G. W. Clark and his wife, and fully believing that they and each of them would do toward her as they had promised and agreed to do, was by such false promises and representations induced to live with and work for said Clark and wife, for a period of about nineteen years, to her great and irreparable injury and damage." * * *

"Plaintiffs allege that they never discovered the fraud which had been perpetrated upon the said Louisa West by the said Clark and wife until about the 1st day of October, 1900, and that they never knew the said Clark and wife intended to disregard their contract and agreement with the said Louisa West until about said last named date."

The court sustained various demurrers to the petition and dismissed the suit.

We are inclined to the opinion that as a suit for specific performance the petition was subject to demurrer, because the contract which appellants sought to enforce was not one which a married woman has the legal capacity to make. True, she may adopt an heir, but that is because the statute so provides. She could not be compelled to make a will or bind herself not to make one. Jones v. Goff, 63 Texas, 248. At all events the petition failed to show, as is required in suits for the specific performance of the contracts of married women, that Mrs. Clark had made the alleged contract in such manner as to make it binding upon her. Cross v. Evarts, 28 Texas, 523.

We are, however, clearly of opinion that the allegations of the petition entitled Mrs. West to recover for the value of her services, and that the statutes of limitation pleaded in the thirteenth and fourteenth special exceptions were no bar to this recovery, especially in view of what is alleged in the paragraphs of the petition quoted above, to the effect

that her services had been obtained under false pretenses. No cause of action for the value of services rendered on the faith of a genuine promise to give compensation by devise or bequest arises until such promise is repudiated or otherwise broken; nor does limitation begin 'to run where the promise is merely a deceitful pretense until the fraud is or ought to be discovered.

Because the court erred in sustaining the thirteenth and fourteenth special exceptions, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*