### HARBORTH v. PETERMANN et ux.[*]
(No. 7651.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1926. Rehearing Denied March 2, 1927.)

1. **Homestead ⬅110—Attempted parol gift of homestead to son held unenforceable in suit against son by purchaser from parents (Const. art. 16, § 50; Rev. St. 1925, arts. 1300, 6605, 6608).**

In action by purchaser against son of grantors, attempted parol gift of parents' homestead under which son claimed, and on which parents had continued to reside, *held* unenforceable, in view of Const. art. 16, § 50, providing joint homestead of husband and wife cannot be conveyed except with consent of wife, to be evidenced in manner prescribed by Legislature, and Rev. St. 1925, art. 1300 (Acts 1897, p. 40), and articles 6605, 6608, requiring that wife join in conveyance of homestead and sign her name thereto, and have acknowledgment separately taken.

2. **Constitutional law ⬅38—Statutes, enacted under direction of Constitution, assume sanctity of constitutional mandate.**

Statutory provisions, enacted in pursuance of constitutional authority and direction, assume sanctity of constitutional mandate.

3. **Homestead ⬅110—Requirements of Constitution and statutes as to execution of conveyance of homestead held exclusive of all other methods (Const. art. 16, § 50; Rev. St. 1925, arts. 1300, 6605, 6608).**

Rev. St. 1925, arts. 1300, 6605, 6608, enacted under Const. art. 16, § 50, requiring wife to join in conveyance of homestead by signing her name thereto and by separate acknowledgment, *held* exclusive of all other methods of conveyance of homestead than those specifically prescribed.

4. **Homestead ⬅122—In absence of fraud, parents held not estopped to assert invalidity of parol gift of homestead by having permitted son to take possession and make improvements.**

Parents, who attempted to make parol gift of homestead to son, *held* not estopped to assert

gift was void by fact that son was permitted to take possession· and improve premises over period of 14 years, where no fraud was shown, son being charged with notice of law requiring written conveyance of homestead, in which both spouses must join.

5. Homestead ⚖══122—As respects estoppel, son taking attempted parol gift of parents' homestead held charged with notice of constitutional and statutory provisions relative thereto (Const. art. 16, § 50; Rev. St. 1925, arts. 1300, 6605, 6608).

As respects estoppel, son, who took attempted parol gift of parents' homestead, *held* charged with notice of constitutional and statutory provisions of Const. art. 16, § 50, and Rev. St. 1925, arts. 1300, 6605, 6608, requiring conveyance of homestead to be signed by husband and wife.

6. Homestead ⚖══122 — As respects estoppel, person taking homestead under void parol gift was presumed to have intended consequences of his own acts in making improvements.

As respects estoppel, son, who took void parol gift of parents' homestead, and went into possession, improving premises, was presumed as matter of law to have intended to incur consequences of his own folly or carelessness in assuming *validity of conveyance; case not being proper for equitable interference.*

7. Homestead ⚖══122—As respects estoppel, in absence of active fraud, equity would not relieve son going into possession of parents' homestead and making improvements under mere parol gift.

As respects estoppel, equity would not relieve *person who went into* possession of parents' homestead and made improvements under attempted parol gift, in absence of active. fraud accompanying parol gift and acceptance.

8. Homestead ⚖══122—As respects estoppel, parents held not guilty of active fraud in inducing son to accept parol gift of homestead, which parents later sold to third party.

In action by purchaser of homestead from parents against son who claimed homestead under prior parol gift, parents *held*, as respects estoppel, not guilty of active fraud in inducing son and his wife to accept parol gift of premises.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

Suit by Louis Harborth against Rudolph Petermann and wife. Judgment for ·defendants, and plaintiff appeals. Reversed and rendered.

John F. Perry and Davis & Wright, all of San Antonio, for appellant.
· A. P. C. Petsch and Walter Petsch, both of Fredericksburg, for appellees.

SMITH, J.   For 38 years Frank Petermann and his wife, Josephine, resided on their homestead in Gillespie county, consisting of 140 acres of land. They never owned any other land. To them three children were born, two sons, Robert and Rudolph, and a daughter, Alma, who married Louis Harborth. The three children were born and reared on the parental homestead and all of them married. Robert and his wife died, survived by two children. Rudolph and Alma and their spouses are still living. In 1925 the parents sold their home to their son-in-law, Louis Harborth, and went to live with their daughter and her husband in Seguin.

The jury in this case found that in 1911 or 1912 the parents made a parol gift of nearly 100 acres of their homestead to their son, Rudolph, although the fact was vigorously denied by both the parents. The jury ˙also found that Rudolph accepted the gift, and in reliance thereon took possession, and made permanent and valuable improvements upon the donated premises. It is undisputed and conceded that the donated land was a part of the parents' homestead, and that no conveyance ˙thereof was made in writing.

In 1925 the parents sold their entire homestead premises, including the portion claimed by Rudolph, to their son-in-law, Harborth, and evidenced the sale by deed duly executed and separately acknowledged, in compliance with the law concerning the alienation of the homestead. At the time of this conveyance the son, Rudolph, was still residing upon, and claiming, the 100 acres in controversy, whereupon Harborth, the purchaser, brought this suit in trespass to try title to recover possession and title of Rudolph, who pleaded not guilty, and specially set up the parol gift, delivery of possession, valuable improvements, and estoppel by reason of the facts stated. Upon the jury findings the court rendered judgment in favor of Rudolph Petermann for recovery of title and possession, and Harborth has appealed. The two questions presented in the appeal are, first, whether the parol gift of the homestead is enforceable; and, second, whether the grantors were estopped by the facts of the case to deny the sufficiency of their son's title obtained by parol. It should be said at the outset that, under appellees' evidence, and the credibility accorded that evidence by the jury, the record presents the maximum of support in behalf of appellees' contentions.

[1] Under the plain provisions of the Constitution of this state, the joint homestead of husband and wife cannot be conveyed, except with the consent of the wife, such consent to be evidenced in a manner prescribed by the Legislature. Const. art. 16, § 50. In pursuance of this delegation of authority, the Legislature prescribed the method by which the wife shall evidence her consent to the conveyance of the homestead, to be by "joining in the conveyance, and signing her name thereto, and by her separate acknowledgment

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thereof taken and certified to before the proper officer, and in the mode pointed out in articles 6605 and 6608.". Acts 1897, p. 40, art. 1300, R. S. 1925. Article 6605 prescribes the familiar formula for the separate and privy examination of, and acknowledgment by, a married woman, and article 6608 sets out the actual form of such acknowledgment, which form must be substantially followed.

[2, 3] So the method by which the joint homestead of husband and wife may be conveyed is minutely prescribed by our state Constitution in connection with statutory provisions enacted in pursuance of constitutional authority and direction, and which therefore assume the sanctity of constitutional mandate. These provisions are plain; they are mandatory; they exclude all other methods of conveyance of the homestead than that specifically prescribed therein. It is idle, in the face of these clear provisions, to contend that the conveyance of the homestead may be in any case effectuated by parol, or in any other manner than that so prescribed. This doctrine is settled beyond all peradventure in this state. We adopt appellant's citation of the cases of Cross v. Everts, 28 Tex. 533; Robert v. Ezell, 11 Tex. Civ. App. 176, 32 S. W. 363; Morris v. Wells, 27 Tex. Civ. App. 363, 66 S. W. 249; Harle v. Harle (Tex. Civ. App.) 166 S. W. 676.

[4] There remains but the question of estoppel. The parol gift being void, no title in the property passed to appellees. Were the parents of appellees estopped to assert their homestead rights because of their conduct in making the parol gift, and in permitting their son to take possession and improve the premises, and use the same as his own during a period of 14 years? During this period the parents continued to reside in their own dwelling on that part of the homestead not embraced in the portion given their son, who, with the aid of his parents, built his own home, and cleared a part of the land on the donated premises. It was in evidence, but disputed by the parents, that, at the time of the gift, the son's prospective father-in-law offered the former a $4,000 place for $3,000, but that the son was induced by the pleading of his parents to accept their gift and make his home on the donated premises, and to decline the offer from the father-in-law to sell them his place at a reduced price. The parents continued to reside in their home, and the son married, and went upon and improved the adjoining donated premises, and this arangement continued for 14 years, when the parents sold the entire homestead, including the premises given the son, to their son-in-law, appellant herein. Appellee contends that by this state of facts his parents were estopped from denying his title. By this device the constitutional inhibition against parol conveyance of the homestead is sought to be avoided. But we have been unable to sustain appellee's contention. To do so would be to modify, or in part nullify, the plain constitutional mandate against the alienation of the homestead, in the manner prescribed therein. To do so would be to open an avenue of assault upon the barriers with which the framers of the constitution surrounded the homestead, and this court is unwilling to lend its support to that purpose.

[5, 6] The constitutional and statutory provisions invoked here were in force at the time of the parol gift asserted by appellees, who were charged with notice of those provisions and their effect. Appellees knew the gift was void and unenforceable. If they were misled or mistaken as to the character of their title, it was because of their own folly or carelessness, and it will be presumed, as a matter of law, that they intended to incur the consequences of their acts. In such case equity will not relieve them of those consequences.

[7, 8] Whether equity will relieve in any case even of the grossest fraud, which need not be decided here, it certainly will not do so where there was no active fraud accompanying the parol gift and acceptance. And it cannot be contended that appellees' parents were guilty of active fraud in inducing appellees to accept the gift of the disputed premises. There being no actual fraud, under any construction of the case made, certainly the owners of the homestead were not estopped to assert their right to deny the conveyance of that homestead in the manner prescribed by the constitution and statutes. The question has been so disposed of directly or by analogy in many cases, and none holding to the contrary has been cited. Berry v. Donley, 26 Tex. 746; Fitzgerald v. Turner, 43 Tex. 79; Johnson v. Bryan, 62 Tex. 623; Cross v. Everts, supra; Huss v. Wells, 17 Tex. Civ. App. 195, 44 S. W. 34.

The judgment of the court below is reversed, and judgment is here rendered in favor of appellant for the title and possession of land involved.