## No. 2321.

### E. L. Stevens *v.* B. F. Lee.

1. ABATEMENT.—When no action is sought or obtained at the first term of the court on a plea in abatement, it operates ordinarily as an abandonment of the plea.

2. CONTRACT.—Though a parol contract for the conveyance of land for services to be rendered may not be enforced, an action may be maintained to recover the value of the services performed under it. When the services extend during a period which would ordinarily bar the claim for their value, yet if they are rendered in good faith and the owner of the land accepts the benefit conferred by them without disaffirmance of the parol contract, limitation will not begin to run against an action to recover their value until the renunciation of the agreement. In such an action the vendor will not be entitled by way of offset to the value of aid or supplies furnished the purchaser, which were advanced and accepted at the time as a gratuity.

APPEAL from Grimes. Tried below before the Hon. W. E. Collard.

*Gresham, Jones & Spencer,* for appellant: The alleged agreement between Lee and Mrs. Stevens for the sale of land or an interest in land, resting on parol, is void under the statute of frauds, and can not be made the foundation of an action. (King v. Brown, 2 Hill, 485–87.)

Lee can not recover under the pleadings and evidence in the cause. He should have declared upon a *quantum meruit*, and not on the special contract. In seeking compensation he should have disavowed the oral contract altogether. No right or duty can be predicated upon a void contract.

It can not be insisted that there was an implied or resulting trust in favor of Lee, for it is well established that the party setting up a resulting trust must show by clear and strong proof that he bought the land for himself and paid for it with his own money, either in whole or in some definite proportion, at the time of the original transaction. (Dorsey v. Clark, 4 Har. and Johns, 551; Hays v. Hollis, 8 Gill., 357; 2 Pomeroy's Equity, sec. 1037.)

*Hutcheson & Carrington,* for appellee.

ACKER, JUDGE. This is the second appeal in this case—the first by Mrs. E. L. Stevens, who died pending the appeal, and this, by her executors. The opinions delivered by the Commission of Appeals, and by the Supreme Court on motion for rehearing on the former appeal, have not been published, but we find them with the records. On a former trial, Mrs. Stevens interposed a plea in abatement to the cross bill of appellee, which plea was also interposed by appellants on the last trial. It appears from the opinions, as well as the record on the former appeal, that the court did not act on the plea in abatement at the first trial. On the last trial the court overruled the plea, and this ruling is complained of as error.

Appellee claimed the land under an agreement between him and Mrs. Stevens. She repudiated the agreement and conveyed the land to Lowell, who brought suit to recover it. Lee answered, alleging a fraudulent combination and conspiracy between Lowell and Mrs. Stevens to deprive him of the land, and asking that Mrs. Stevens be made a party to the suit, which was done.

The failure of Mrs. Stevens to have the court act upon the plea in abatement on the first trial was an abandonment or waiver of the plea, and appellants could not afterwards renew it. There can be no error in the ruling of a court upon an abandoned pleading. (Rev. Stats., art. 1291.) But, if this were not so, we think the allegations of the cross bill were sufficient to give the court jurisdiction of the person of Mrs. Stevens, notwithstanding her residence in Galveston county. (Bailey v. Trammell, 27 Texas, 326.)

After the judgment rendered on the first trial was reversed and the cause remanded, appellee filed an amended answer and cross bill, setting out the agreement between him and Mrs. Stevens, under which he claimed the land; alleging performance on his part, and renunciation of the agreement by her, without his fault or consent, and praying for judgment against her for the value of his services rendered under the agreement. In the court the land should be adjudged to Lowell.

Appellee offered the testimony of several witnesses to prove the agreement between him and Mrs. Stevens, to which appellants objected upon the ground that the agreement was a contract for sale of the land, was within the statute of frauds, and could not be established by parol. The objection was overruled and the evidence admitted, which ruling is also complained of

as error.   Conceding that the agreement was simply a contract to convey land, and, being in parol, could not therefore support an action for specific performance, does it necessarily follow that Lee could not recover the value of his services rendered in performing his part of the agreement, as damages sustained by him in consequence of Mrs. Stevens's renunciation and disregard of the agreement?   We think not.   While it is laid down by high authority that a parol contract to convey land for certain services is within the statute of frauds, the same authorities hold that a *quantum meruit* will lie for the value of the services. (3 Pars. on Cont., 35; King v. Brown, 2 Hill, 485.)

If the value of the land had been fixed by the agreement, the recovery could be had only for that amount, with interest. (Brown's Statute of Frauds, sec. 126; King v. Brown, supra.) But such is not the case here.   It seems that no value was fixed on the property by the agreement, and the value of the services must, in such case, be established by extraneous evidence.

We understand appellee's cross bill to be an action for a *quantum meruit*, and it was evidently so considered by the trial court, for it was tried as such.   It is contended that, if appellee was entitled to recover at all, he could recover for only the services rendered within the two years next before the filing of his cross bill, and that the court erred in refusing to give the special instruction asked to that effect, and in charging the converse of the proposition.   The action to recover the value of services was filed within a few months after the renunciation of the agreement by Mrs. Stevens, and about eight years after appellee began the performance of the services for which, by the terms of the agreement, he was to receive the property.   It seems that he had no cause to suspect that Mrs. Stevens would disregard the agreement until he was informed of her act of renunciation.   He was in the enjoyment of the property under the agreement, and had no cause of action until her renunciation.   Having continued for eight years to render the services and perform the duties in consideration of which, by the terms of the agreement, he was to acquire title to the property, we think there is no rule of law that denies him the right of recovery for three-fourths of the services so rendered, when he had no right of action for the value of such services at the time they were rendered.

We think the court did not err in charging the jury that if they found from the evidence that Mrs. Stevens permitted Lee

and his family to board with her, free of charge, and that it was intended by her as a gratuity, they should not allow her estate anything for such board. The evidence tends strongly to show that Mrs. Stevens furnished supplies for Lee and his family for over seven years, and there was nothing proven tending to show that she ever claimed or expected any compensation therefor, other than such service as Lee was rendering, and we think the jury might well find that it was intended by her as a gratuity. If so, her executors certainly could not revoke the gratuity and recover for the estate that which their testatrix had bestowed as a gift.

Our attention is called to an error apparent of record which consists in this, that the jury returned the verdict on the twenty-first day of April, 1886, for three thousand five hundred dollars, with interest at eight per cent per annum from the ninth day of June, 1879, upon which the judgment was rendered for five thousand five hundred and five dollars and sixty cents. It is insisted that the judgment was entered for eighty-two dollars and ninety-five cents in excess of the amount authorized by the verdict. On investigation we find that the judgment is for one hundred and eighty-two dollars and ninety-five cents in excess of what the verdict authorizes, and we think it should be reformed to that extent.

Other assignments of error relate to the sufficiency of the evidence. The verdict seems to us to be supported by a preponderance of the evidence, and in such case this court will not disturb it. We are of opinion that the judgment of the court below should be reformed, and the amount fixed at five thousand three hundred and twenty-two dollars and sixty-five cents, with interest at eight per cent per annum from the twenty-first day of April, 1886, and that in all other respects it should be affirmed.

As the attention of the court below was not called to the error in the amount for which the judgment was rendered, we are of opinion that appellants should pay the costs of this appeal.

*Affirmed.*