MARY RAYCRAFT ET AL. V. ELLEN JOHNSTON ET AL.

Decided January 27, 1906.

**Services Rendered—Statute of Frauds—Quantum Meruit—Limitation.**

Where services were rendered by a niece to an uncle for twenty-two years under and by virtue of an agreement that the uncle would devise all his property to her, and the uncle died intestate, the agreement being within the statute of frauds was unenforceable; but a suit based upon *quantum meruit* was not barred by limitation. The cause of action only arose on the death of the uncle.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Harris & Harris,* for appellants.—The statute of Texas, which in effect says no action shall be brought in any of the courts upon any contract for the sale of real estate unless the same be in writing, includes every agreement by which one person promises to convey land to another upon a consideration good or valuable, and applies to a contract to convey land in consideration of labor or services, and to every contract in whatever shape it may be put, by which a party is to part with real estate, and has equal force and applicability in a case where the promise is to convey land by will as it does where the agreement is to convey it by deed. Rev. Stats., arts. 2543, 3354, 3355, 3358; Sprague v. Haines, 68 Texas, 216; Masterson v. Little, 75 Texas, 682; McMullen v. Guest, 6 Texas, 275.

If a contract is voidable or void as to one obligor because in violation of the statute of frauds, it is likewise voidable by the other as to any promise made as consideration for the invalid promise of the other party, and the reliance of appellee on a verbal promise which came within the statute of frauds, was at all times a matter of choice, was not obligatory on her any more than upon him, and was "a contract which in no manner prevented the claimant (appellee) from enforcing her demand at any time she might have seen fit to do so for any wages theretofore earned; and as she had a right to sue, she could not decline to do so and yet claim that limitation did not run against her claim for wages, there being no fraud alleged or proved." Wheeler v. Frankenthall & Bro., 78 Ill., 124; McGinnis v. Fernandes, 126 Ill., 228; Pond v. Shenan et al., 132 Ill., 312; Warner v. Hale et al., 65 Ill., 395; Creighton v. Sanders, 89 Ill., 543; Gorman v. Dodge, 122 Ill., 528; Wallace v. Long, 105 Ind., 522; Gould v. Mansfield, 103 Mass., 408; Pflugor v. Pultz, 43 N. J. Eq., 440; Rayner Cattle Co. v. Bedford, 91 Texas, 642; Jordan v. Abney, 9 Texas Ct. Rep., 174; Bonner v. Bonner, 9 Texas Ct. Rep., 233; West v. Clark, 66 S. W. Rep., 215; Dallas County v. Club Land & Cattle Co., 95 Texas, 200.

A verbal contract for conveyance of land being unenforceable, the same can not be used as a means or agency or a ground for determining when wages given by another and different contract, to wit, one implied by law, shall become due. The invalid contract can not be in-

terpolated into the contract implied by law so as to be the means of determining the time when the benefits of the implied contract shall become due. A contract implied by law stands upon its own footing.

While the statute of limitations will not run against one under disability, and while equity will relieve—that is, will extend the period of limitation in behalf of one who has been deprived of the knowledge of his rights by the fraud of another—yet equity does not hold out relief to one who chooses to rely on a contract invalid and unenforceable (because of the statute of frauds or otherwise). Where such choice is made the party doing so assumes the risk of being met by the legal barrier of the statute of limitations.

Where a contract to pay wages for services rendered is based not on what the parties agreed to, but is implied because the parties had no agreement at all, or because the parties had a contract for something which could not be enforced, in each case the implication of law is that the wages will become due and payable, according to the custom of the country, to wit, monthly, yearly, etc. Davis v. Gorton, 16 N. Y., 256; Dung v. Parker, 52 N. Y., 494; In re Gardner, Admr., 103 N. Y., 534, 535.

*Leroy A. Smith* and *Drew Pruit,* for appellee.—Where an express parol contract is made between two persons by the terms of which the former agrees to give the latter, by deed, will, or otherwise, at his death, all of his property, both real and personal, of which he might die seized and possessed, upon condition that the latter should live and remain with the former and take care of him until his death, such contract, if performed by the person who agrees to render the services and the other person dies without complying with the contract, is within the statute of frauds, but an action on the implied contract or a *quantum meruit* for the reasonable value of said services rendered for the full time, will lie and can be enforced. Stevens v. Lee, 70 Texas, 280; Von Carlowitz v. Bernstein, 66 S. W. Rep., 464; West v. Clark, 66 S. W. Rep., 215; Clark v. West, 72 S. W. Rep., 100; 2 Reed Statute of Frauds, sec. 622, 623; Wood on Frauds, sec. 221; Pomeroy on Specif. Perform., sec. 114; Beach on Modern Law of Contract, 650; 2 Sutherland on Damages (2d ed.), sec. 684; 3 Parsons on Contracts, 35.

In a parol contract to convey land within the statute of frauds, the cause of action only accrues on the breach of it, and the contract in question was not breached by Michael Johnston until he died and it was found he left no will conveying his estate to Ellen Johnston. Stevens v. Lee, 70 Texas, 280; Lee v. Boutwell, 44 Texas, 152; Dugan v. Colville, 8 Texas, 126.

Where services are performed for a series of years by one person for another in consideration that the latter shall deed or will property to the former at the death of the latter, and the latter dies without doing so, the person who performs such services has no cause of action until the death of such person for whom the services are rendered, and the statute of limitations does not begin to run until the death

of the person who is to convey the property. Stevens v. Lee, 70 Texas, 280; Dugan's Heirs v. Colville Heirs, 8 Texas, 126; West v. Clark, 66 S. W. Rep., 215; 19 Am. & Eng. Ency. of Law (2d ed.), 193-195; Bushnell on Lim., secs. 173 and 175; Angel on Lim., sec. 119; Wood on Lim., sec. 160.

"Contracts which may not be enforced as such because of the prohibition of the statute of frauds, are nevertheless held to be of sufficient validity to warrant the enforcement of rights and obligations arising therefrom." Patrick v. Roach, 21 Texas, 255; Lee v. Boutwell, 44 Texas, 153; Moore v. Powell, 6 Texas Civ. App., 50; McCarty v. May, 74 S. W. Rep., 804; Ray v. Young, 13 Texas, 551, 29 Am. & Eng. Ency. Law (2d ed.), 815-817; Statute of Frauds, Rev. Stats., art. 2543.

"Where a party enters into a contract which is within the statute of frauds, and abandons it after part performance for no other reason than that it is within the statute of frauds, the weight of authority is, it is believed, that he can not recover on a *quantum meruit* for the services performed." 15 Am. & Eng. Enc. Law (2d ed.), p. 1088.

SPEER, Associate Justice.—This is an action by Ellen Johnston against the administrator of the estate of Michael Johnston, deceased, to recover on a *quantum meruit* for services performed by her as a domestic servant, covering a period of twenty-two years prior to his decease. It was alleged that said services were rendered under a parol agreement intered into between Ellen Johnston and Michael Johnston, niece and uncle respectively, to the effect that if she would live with and take care of and keep house for her said uncle until his death, he would give her at his death all his property both real and personal of which he might die seized and possessed. It was further alleged that the said Michael died intestate without complying with said agreement. Mary Raycraft and the other heirs of said Michael contested said claim and pleaded the statute of frauds as well as the statutes of two and four years' limitation. The County Court approved the full claim of $6,600 against the estate, but on appeal to the District Court where the case was tried before a jury, there was a verdict and judgment in favor of Ellen Johnston for the sum of $4,000. From this judgment the contestants have appealed.

The facts established by the verdict of the jury and supplemental findings by the court, which we adopt, are as follows:

"Michael Johnston contracted and agreed with Ellen Johnston that if she would live with him, care for him and keep house for him until his death, he would, at his death, give her all the property he might then own; and such agreement and contract was subsequently renewed and repeated by Michael Johnston to Ellen Johnston during the period Ellen Johnston lived with said Michael Johnston.

"Ellen Johnston, in consideration of said agreement of Michael Johnston, promised and agreed with him to live with him, care for him and keep house for him until his death; and she performed said services,

in pursuance of her said contract with said Michael Johnston, for and during a period of twenty-two years.

"The fair and reasonable value of the services rendered by Ellen Johnston, relying upon said agreement of Michael Johnston, during the entire period of such service, was $4,000; and during the four years next preceding the death of Michael Johnston, the fair and reasonable value of the services rendered by Ellen Johnston, relying upon said agreement of Michael Johnston, was $960; and during the two years next preceding the death of Michael Johnston, the fair and reasonable value of the services rendered by Ellen Johnston, relying upon said agreement of Michael Johnston, was $600."

"The said Michael Johnston died intestate, in Tarrant County, Texas, on to wit: the 10th day of December, 1903, leaving an estate consisting of a two hundred-acre farm situated in Tarrant County, Texas, and owned by said Michael Johnston during all the time said Ellen Johnston lived with him.

"During the entire period that Ellen Johnston performed said services for Michael Johnston, and upon the death of said Michael Johnston, it was the intention of said Michael Johnston to faithfully carry out the contract made with his niece, Ellen Johnston, referred to in the verdict of the jury, same being an oral contract only, by willing all of his estate to her, and a short time before his death he sent for an attorney at law, J. Y. Smith, who, at the instance of the said Michael Johnston, drafted a will, leaving all of his estate to Ellen Johnston, but said Michael Johnston failed to execute said will for the sole reason that at the time said will was drawn as aforesaid, there were no persons present who could witness the same.

"The contestants Mary Raycraft and Owen Johnston, were the sister and brother respectively, of said Michael Johnston, and said other contestants, together with said Mary Raycraft, and Owen Johnston, are legal heirs of said Michael Johnston.

"The claim of Ellen Johnston for said services was duly made out and presented to said administrator, for the sum of $6,600, and said claim was by said administrator, duly allowed for said sum, and the same was, by the Judge of the County Court of Tarrant County, duly approved for said sum, over the objection and resistance then made by said contestants, who have duly prosecuted their appeal to this court."

Upon these facts the trial court rendered judgment establishing and approving the claim of Ellen Johnston against the estate of Michael Johnston deceased for the sum of $4,000 and rejecting the same for the excess above said amount.

The only question in the case is one of limitations, since it is conceded by all parties that the contract between Ellen Johnston and her uncle was within the statute of frauds and therefore incapable of forming the basis for a cause of action. The gist of appellant's contention is couched in the propositions that the reliance of appellee on a verbal promise which came within the statute of frauds, was at all times a matter of choice, was not obligatory on her any more

than upon deceased and was a contract which in no manner prevented her from enforcing her demand at any time at which she might have seen fit to do so for any wages theretofore earned; and as she had a right to sue, she could not decline to do so and yet claim that limitations did not run against her claim for wages, there being no fraud alleged or proved. The major premise of this legal syllogism, that a contract voidable under the statute of frauds as to one is also voidable as to the other, may be true; so also the minor premise that appellee's reliance upon the promise of her uncle was at all times a matter of choice and not obligatory upon her any more than upon him, may be true. But beyond this the syllogism is faulty, for it does not follow as a conclusion that notwithstanding the unenforceable agreement appellee could and therefore should .have enforced her demand for wages as the services were performed. On the contrary, we understand the rule to be in such case that where a party enters into an agreement which is within the statute of frauds, and abandons it after part performance for the reason that it is unenforceable, he can not recover on a *quantum meruit* for money paid or services performed under such contract. Rhodes v. Storr, 7 Ala., 346; Duncan v. Baird, 8 Dana (Ky.), 101; McKinney v. Harvie, 38 Minn., 18; Simms v. Hutchins, 8 Smed. & M. (Miss.), 328; Clark v. Terry, 25 Conn., 395; Galvin v. Prentice, 45 N. Y., 162; Fillbrooke v. Belknap, 6 Vt. 383; Abbot v. Inskip, 29 Ohio, 59; Kriger v. Leppel, 42 Minn., 6. Notwithstanding the agreement between appellee and her deceased uncle was unenforceable by reason of the statute of frauds, yet appellee having performed the required services for twenty-two years upon the faith of the promised compliance upon the part of her uncle, who died without performance on his part, she was entitled to sue at his death for the reasonable value of the services rendered. Stevens v. Lee, 70 Texas, 280; Von Carlowitz v. Bernstein, .66 S. W. Rep., 464; West v. Clark, 66 S. W. Rep., 215; Waddell v. Waddell, 42 S. W. Rep. (Tenn.), 46; Wallace v. Long, 105 Ind., 522; Hudson v. Hudson, 13 S. E. Rep., 583; Lisk v. Sherman, 25 Barb. (N. Y.), 433; Renz v. Drury, 45 Pac. Rep., 71; Robinson v. Raynor, 28 N. Y., 494; Ellis v. Cary, 74 Wis., 176; Reed on the Statute of Frauds, secs. 622, 623; Beach, Modern Law Contracts, sec. 650.

In such case the cause of action only accrues on the breach of the agreement, which in this case took place on the death of Michael Johnston. Stevens v. Lee, supra; West v. Clark, 66 S. W. Rep., 215; and Waddell v. Waddell, 42 S. W. Rep. (Tenn.), 46.

The court's conclusions of law upon the facts found were correct, and his judgment is therefore affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

If it be true under the rule in this State, as set out in Carroll v. Welch, 26 Texas, 150, that appellee could have abandoned her oral contract with her uncle, and then could have instituted suit for and recovered the reasonable value of her services on a *quantum meruit*,

it does not follow that she would be forced to pursue such course. If she chose to observe rather than to breach her contract, her cause of action necessarily did not arise until her uncle breached it, which as originally stated, was upon his death. Motion for rehearing is overruled.

Conner, Chief Justice, not sitting.

*Overruled.*

Writ of error refused.