## CRENSHAW v. BISHOP.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 23, 1911.)

1. FRAUDS, STATUTE OF (§§ 44, 141*)—CONTRACTS FOR CARE OF LIVE STOCK—INVALIDITY.

A parol contract binding one to care for and breed the stock of the owner for three years for a part of the increase is void within the statute of frauds, and, where the owner takes possession within a few months after the making of the contract, he cannot rely on the contract to prevent the other party from recovering the reasonable value of the pasturage furnished.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 66, 92, 343; Dec. Dig. §§ 44, 141.*]

2. FRAUDS, STATUTE OF (§ 138*)—CONTRACTS FOR CARE OF LIVE STOCK—INVALIDITY.

Where defendant orally contracted to care for and breed the stock of the owner for three years for a part of the increase, and the owner, after a few months, took possession of the stock, the rights of the parties must be determined as if there had been no contract and the defendant could recover the reasonable value of the pasturage furnished the stock, and a charge limiting the amount of damages to the profits for the first year if he had been permitted to keep the stock was favorable to the owner.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 327–333; Dec. Dig. § 138.*]

Appeal from District Court, Montague County; Clem B. Potter, Judge.

Action by Lee Crenshaw against J A. Bishop. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

Jameson & Spencer, for appellant. W. W. Cook, for appellee.

DUNKLIN, J. Lee Crenshaw sued J. A. Bishop to recover possession of certain live stock which plaintiff alleged he had delivered to the defendant under a contract between the parties, by the terms of which it was agreed that defendant would properly care for and breed the stock for a period of three years, and in consideration therefor should receive one-third of the increase. Plaintiff alleged that defendant had failed to care for the stock in the manner he had contracted to do, and, further, that the contract was in parol and therefore in contravention of the

statute of frauds, and void. Plaintiff recovered possession of the stock, but he has appealed from a judgment rendered in defendant's favor for $200 upon a plea in reconvention for the value of feed and pasturage furnished the stock while in defendant's possession.

The following instruction was included in the court's charge to the jury: "If you find for the defendant Bishop, you will assess his damages at such sum of money as you believe from the evidence to be a fair and reasonable market value of the pasturage and feed which he gave to said animals, but in no event to exceed what you believe from the testimony the defendant would have received in profits for the first year of said contract, had the same been carried to completion for one year by both the plaintiff and the defendant in accordance with the terms of said contract."

Defendant had possession of the stock for a few months only, and, read in the light of the court's charge, the verdict shows a finding that the defendant did not breach the contract under which he was holding the stock when appellant deprived him of their possession by a writ of sequestration sued out in the case.

[1] Appellant insists that according to the evidence introduced upon the trial, the defendant would have realized no profits whatever from keeping the stock if he had been permitted to continue his possession of them under the terms of the contract, and, therefore, there was no basis for a recovery upon the counterclaim; and that the court erred in refusing the peremptory instruction requested by appellant to return a verdict in his favor with respect to said counterclaim. This contention must be overruled, for to give it effect would be to enforce the contract, in contravention of the statute of frauds, as pleaded by both plaintiff and the defendant. Besides, according to the evidence of defendant, there was an increase of 10 or 12 colts from the stock while in his possession, thus tending to show a probable profit to the defendant if he had been permitted to retain possession of the stock under the terms of the contract.

[2] The dealings between the parties must be viewed from the same standpoint as though the contract alleged had never been effected. In the absence of such a contract, the defendant was entitled to recover the reasonable value of the feed and pasturage furnished the stock at the plaintiff's instance, and this was the measure of damages submitted in the court's charge. Ray v. Young, 13 Tex. 550; Stevens v. Lee, 70 Tex. 279, 8 S. W. 40; Schulz v. Schirmer, 49 S. W. 246; Wanhscaffe v. Pontoja, 63 S. W. 663; 20 Cyc 299.

The instruction limiting the amount of those damages to the profits that defendant would have received for the first year, if he had been permitted to keep the stock under the terms of the contract, was favorable to the plaintiff, and did not operate to his prejudice, as appellant insists.

We have found no error in the record, and the judgment is affirmed.