LITTLE v. CHILDRESS et al. (No. 2161.)*

Court of Civil Appeals of Texas. El Paso. Dec. 6, 1928.

Rehearing Denied Jan. 17, 1929.

W. C. Jackson, of Ft. Stockton, and Turner, Seaberry & Springer, of Eastland, for appellant.

Wm. Blakeslee, of Austin, Scott W. Key, of Eastland, and Collins, Jackson & Snodgrass, of San Angelo, for appellees.

PELPHREY, C. J. William Little brought this suit against appellees, several in number, alleging that all of appellees, with the exception of Allsman, Bell, Smallwood, and Humble Oil & Refining Company, on or about March 1, 1927, represented to appellant that they were the owners of an oil and gas permit from the state of Texas on a certain 280-acre tract of land, being in the bed of the Pecos river between Pecos and Crockett counties; that subsequently thereto appellant entered into an agreement with the owners of said permit whereby he agreed to perform such acts as were required by the state of Texas in order to perfect title to all minerals underlying said land, and permittees agreed, in consideration of his furnishing the money, tools, machinery, and labor necessary to explore said land to be furnished by appellant, to give to him thirteen sixteenths of all oil and gas produced from said land; that appellant agreed to drill three wells upon said land, with a time fixed for spudding in the three wells and for the completion of two of them; that permittees agreed to the terms and conditions of the agreement, either in person or by duly authorized agent; that the agreement was in writing and that the instrument was drawn by the permittees and delivered to plaintiff who signed the same

*Writ of error granted.

and returned it to permittees; that permittees, at the instance of appellees C. C. Rollins, Allsman, and Bell, wrongfully conspired with said Rollins, Allsman, and Bell to repudiate their agreement with appellant and refused to carry out the same, and against the consent of appellant contracted with said Rollins, Allsman and Bell to do the work contracted to appellant; that, thereafter, on or about the 20th day of March, 1927, said permittees wrongfully and in fraud of appellant's rights made some pretended contract with appellees Harry Allsman and J. R. Bell whereby the latter claimed the right to enter upon said land and premises and drill an oil or gas well or wells; that since said date appellees, the permittees, and appellees Allsman and Bell have refused to recognize the rights of appellant under the aforesaid contract, have refused to allow appellant to go upon the land for the purpose of performing his contract, and have thereby breached the said contract; that appellant has at all times been ready, able, and willing to perform his part of said contract; that appellee E. L. Smallwood is claiming some character of right in said permit and the production therefrom; that since the making of said contract the land has been found to contain valuable deposits of oil and gas and that the land is now producing vast quantities of the same; that appellant does not know the exact amount the land contains or is now producing, but upon information and belief alleges the value to be $3,000,000; that by reason of the breach of contract aforesaid, he has been damaged in the sum of $2,500,000; that if the permittees had not breached their agreement with him and had not conspired with appellees Allsman and Bell, but had permitted appellant to perform his part of said contract, he would have discovered and produced the oil and gas from said land, and the thirteen sixteenths, to which he would have been entitled under his contract, would have been of the value of $2,500,000 in excess of the cost of production; that the breach of the agreement by permittees and the fraudulent conduct of appellees proximately contributed to appellant's failing to make the profits aforesaid, and that by virtue thereof appellees became justly liable to appellant therefor; that as to so much of the oil and gas as is still held and owned by appellees appellant should have judgment for specific performance; that if specific performance of the contract cannot be decreed as to all the oil and gas agreed to be delivered to appellant, that he should have judgment for his damage resulting from the wrongful conspiracy to defraud him; that the Humble Oil & Refining Company is asserting some right or claim to the oil and gas being produced from the land, and praying that said Humble Oil & Refining Company be required to answer showing the amount of oil taken by it, and further required to hold thirteen sixteenths of said oil for the use and benefit of appellant; that appellant relied upon the representations of such of the appellees as claimed to have lawful authority to act for the others, and if it be found that they were not so authorized, then and in that event, they would be individually liable to appellant for his damage; that permittees be required by way of specific performance to carry out their agreement with appellant in so far as they are now able to do, and, if the remedy of specific performance be found inappropriate, that appellant be granted an accounting and a judgment decreeing the existence of a trust and its enforcement and appellees be decreed to hold the permit, oil, gas, and other property in trust for themselves and plaintiff as their interests exist by virtue of said contract; that, in the event the other relief prayed for cannot be granted, for damages in the sum of $2,500,000.

The transcript does not include any pleadings on the part of appellees, but the judgment recited that a general demurrer as well as special exceptions were pleaded by them.

The judgment, omitting the formal parts, reads as follows:

"On this the 20th day of March, A. D. 1928, at a regular term of this court, and in its due order, came on for trial the above entitled and numbered cause, whereupon came the plaintiff and announced ready for trial, as did the defendants, upon the exceptions and demurrers, and the general demurrer and general and special exceptions of the defendants challenging the sufficiency of the petition on the ground that it was in contravention of the statute of frauds, having been considered, and the attorneys for plaintiff having admitted in open court that their cause of action rested wholly in parol, the court is of the opinion that such exceptions should be sustained, and it is accordingly done.

"The plaintiff thereupon in open court refused to amend.

"It is, therefore, ordered, adjudged, and decreed by the Court that the plaintiff's First Amended Original Petition, filed herein on December 5, 1927, and his last pleading in this cause, be and the same is hereby stricken from the docket of this court and his case dismissed, to which action of the court the plaintiff then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District, at El Paso, Texas.

"Thereafter, the defendants announced that they would not further prosecute their several cross actions, and it is, therefore, ordered, adjudged and decreed by the Court that said cross actions be, and the same are dismissed from this docket, but without prejudice.

"It is further ordered that all costs of this proceedings be charged against plaintiff, except those incurred by the several defendants in connection with their cross actions, which

said costs are assessed against each of them."

An appeal bond was filed by Wm. Little, and the case is now properly before this Court.

### Opinion.

Appellant presents the following two propositions, which he claims should cause a reversal of the case:

(1) "The oral agreement sued upon is not a contract for the sale of land.

(2) "The oral agreement sued upon is not a contract which is not to be performed within the space of one year from the making thereof."

█ Appellant's contention is that the oil and gas permit from the state conveyed no title to the minerals under the land, and admits that the question as to what an oil and gas permit is, is the crux of this case.

We think this question has been answered by our Supreme Court in the case of Theisen v. Robison, 8 S.W.(2d) 646. In discussing the effect of an oil and gas permit, the court said:

"In legal effect, the grants authorized by the acts [acts of 1917 and 1925, relating to permits] are not essentially different from the grant in the ordinary oil and gas lease, such as was before the court in the Stephens County Case. The ordinary lease confers first an option to explore for oil or gas, but, after discovery of oil or gas in paying quantities, it confers the right to produce and appropriate the oil or gas. It is immaterial that the right to appropriate the oil or gas under the 1917 and 1925 acts follows and does not precede the final lease, because, as already pointed out, the permittee or lessee may compel the execution of the final lease on performing the obligations which the act imposes on him. Under the ordinary lease, the right to continue to produce and appropriate oil or gas is contingent on performance of similar obligations. It is unthinkable to treat the ordinary lease as conveying minerals in place and refuse to give that effect to the grants authorized by these acts."

This being the law, the trial court was correct in sustaining the exceptions to the petition for the reason that the contract alleged was not in writing. Appellant claims that the contract sued upon was one for joint acquisition, and cites numerous authorities. We cannot agree with his position in the matter, and do not think his authorities are applicable to the facts of this case. In the present case, the permittees were the owners of the minerals in place under the land and were making a contract by which they should be discovered and brought to the surface, and were parting with their title to part of them. The cases cited by appellant on the questions of joint acquisition, joint adventure, and express trusts apply in cases where the title to property is to be acquired subsequent to the making of the agreement and therefore can

have no application. Appellant also contends that the contract sued upon provided for the operation of the lease by appellant and a division of the oil and gas produced, or a dividing of the proceeds from the sale thereof, as, when, and if produced and severed from the soil and converted into personal property.

We are unable to give such a construction to the agreement alleged, or to believe that such was contemplated by the parties. Appellees had the exclusive right to explore for oil and gas on the area in question, and, as held by the Supreme Court in Theison v. Robison, supra, were the owners of the minerals in place under the land, and, as alleged in the petition, "were desirous of having said lands explored for oil and gas as required by the laws of the state of Texas, and to develop and produce oil and gas from said lands if same proved to contain oil and gas thereunder, in order that the state of Texas would issue to the owners of said permit an oil and gas lease conveying into them the minerals lying under said lands; that said defendants were not equipped to do such exploration work themselves, nor were they possessed of sufficient skill or experience in such work to justify their undertaking it without the aid of someone especially equipped and qualified to do the same; that they knew plaintiff to be so qualified, and were desirous of combining his experience, skill, equipment, and personal efforts, with their rights as owners of such permit, in the hope of jointly acquiring the valuable minerals thought to exist under the lands covered by such permit."

Under the agreement alleged appellant was to, at his own expense, provide the means of extracting the oil from the land, and was, necessarily, the one who would have it in his possession when the time came for it to be divided.

It was further alleged that appellant was to deliver to the state of Texas one-eighth of the oil and gas produced and saved from the premises, which shows, we think, that he was the one whose duty it was to distribute the oil and gas produced.

As we view the agreement, it would, if it had been in writing, have conferred upon appellant the exclusive right to go upon the land and explore it for oil and gas, but also conveyed to him an interest in any oil or gas which might be found in place under the land.

█ Appellant further claims that his cause of action is not within the Statute of Frauds (R. S. 1925, art. 3995), because he sued in the alternative for damages from Childress for falsely representing himself to have authority to represent his associates.

On this question we agree with the Court of Civil Appeals in the case of Morrison v. Hazzard et al. (Tex. Civ. App.) 88 S. W. 385, in which it said:

"Where the contract is void under the stat-

ute of frauds, the agent making it, though not authorized by his alleged principal, is not liable thereon. The alleged principal not being bound, the assumed agent would not be. Dung v. Parker, 52 N. Y. 496; Baltzen v. Nicolay, 53 N. Y. 467,"—and we think the same rule would apply as to the allegations that Allsman, Bell, and Rollins entered into a conspiracy and fraudulently induced permittees to breach their contract. There being no valid contract, there could be no right of action against one who induced one of the parties to not fulfill his part of it.

In view of our holding on the first proposition, it will be unnecessary for us to discuss the second.

The judgment of the trial court is in all things affirmed.