### CANTRELL et al. v. BRANNON et al.
### (No. 536.)

Court of Civil Appeals of Texas. Eastland.
April 12, 1929.

Miller & Perkins, of Mineral Wells, for plaintiffs in error.

W. J. Oxford, of Stephenville, and J. A. Johnson, of Mineral Wells, for defendants in error.

FUNDERBURK, J. The suit is one brought in the district court of Palo Pinto county by Blanche Brannon, joined by her husband, against the administrator of J. D. Brannon, deceased, and the heirs of J. D. Brannon, to enforce specific performance of an alleged parol contract of J. D. Brannon to bequeath or leave to Blanche Brannon all of his property at his death. Plaintiffs had judgment of the court below, and the defendants bring the case here upon writ of error. A more detailed statement of different phases of the case will be made in connection with propositions considered. For convenience the parties will be designated as in the court below, plaintiffs and defendants.

The first question presented relates to the action of the court in overruling defendants' plea in abatement. By such plea it was contended that the district court was without jurisdiction because the probate court had previously acquired jurisdiction of the estate of J. D. Brannon, deceased, and same, at the time of the filing of suit, was being administered in the probate court, which had jurisdiction thereof. This contention we overrule.

■ The object of the suit is to establish title to property in part consisting of land. The probate court is without jurisdiction of such a cause of action. Jurisdiction of such a case by the district court is exclusive. Const. art. 5, § 8. As said in Johnson v. First Nat. Bank of Marlin (Tex. Civ. App.) 198 S. W. 990:

"Where one claims title adversely to an administrator, or a guardian, the district court has jurisdiction. Wadsworth v. Chick, 55 Tex. 241. Likewise the district court has jurisdiction to set aside a deed obtained by fraud, though administration be pending. Groesbeck v. Groesbeck, 78 Tex. 665, 14 S. W. 792. In short, the district court has jurisdiction in all cases involving title to land."

In Slavin v. Greever (Tex. Civ. App.) 209 S. W. 479, it is said:

"We believe when the entire pleadings are taken into consideration that it is apparent therefrom that a question of title to the real estate and personal property is presented, and the suit was brought to establish such title or interest therein in favor of appellant Pauline Slavin. It is shown thereby that the administrator claimed a personal right and interest adverse to the appellant, and that he had converted the personal property. If this is true, the probate court could not adjudicate the title or award damages for the conversion, but the district court, under the Constitution, was the only court that had jurisdiction."

Neither do we think that the suit was prematurely brought. It is unnecessary for us to determine what rights, if any, the creditors of the estate of J. D. Brannon may have to subject his property to the payment of their debts, if any. If such rights exist, they are not in necessary conflict with the right of plaintiffs to have adjudicated their title to the property.

■ Plaintiffs' petition alleged a parol contract of the deceased, J. D. Brannon, who was a bachelor, with plaintiffs, of date about July 1, 1920, to leave to them all of his property at his death, in consideration that they would live with him, care for him, and serve him; that they agreed to do so, and performed their agreement up to about September, 1925, at which time Homer Brannon, a nephew of the deceased, and the husband

of Blanche Brannon, moved to Fort Worth, Tex.; that thereupon the said J. D. Brannon became very much dissatisfied on account of the breach of the contract by said Homer Brannon, but that he continued his agreement with Blanche Brannon; that on or about the 1st day of January, 1926, said J. D. Brannon reaffirmed his agreement with Blanche Brannon, and agreed that, if she would move herself and children to his home and reside with him and serve him up to the time of his death, she should, at his death, have all of his property; that the contracts were oral; that on November 24, 1926, said J. D. Brannon executed the following memorandum in writing:

"November 24th, 1926.

"Feeling bad and in case I don't get to make my last will, this is my last wish for distribution of what I possess, as I intend to destroy my will at the bank.

Give Clare $1000.00 cash, give Wilmer Brannon the land I bought from them, (40 acres) and all the rest of my possessions to Blanche for taking such good care of me.

"I intend to make a will, but in case I do not do so before I pass out this will serve as my last will and testament.

"J. D. Brannon."

This instrument was not valid as a will because not witnessed, and not in the handwriting of the maker.

It was the contention of plaintiffs that this memorandum was sufficient to take the alleged parol contract out of the statute of frauds, which defendants interposed in defense. No question is presented that the parol contract comes within the provision of the statute of frauds, reading:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * * 4. Upon any contract for the sale of real estate. * * *" R. S. 1925, art. 3995.

Although the statute in terms mentions "sale" of real estate, it has been construed to include a contract to devise real estate at the death of the owner. Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358.

The estate of J. D. Brannon, deceased, consisted at his death of both real and personal property. No question seems to be raised, however, that the alleged parol contract as respects both kinds of property is indivisible. The entire contract, therefore, is subject to the statute of frauds. 27 C. J. 318.

As said in Waite v. Stanley, 88 Vt. 407, 92 A. 633, L. R. A. 1916C, 886:

"A contract for the sale of land and personalty for a single consideration is indivisible."

Several of defendants' propositions deal with the sufficiency of the memorandum as above quoted to relieve the alleged contract from the requirements of the statute. One of the points made is that the memorandum is insufficient because it does not contain all essential elements of the alleged parol contract. It has been stated and often repeated as a general rule that:

"To constitute compliance with the provisions of this statute, the writing, whether a formal contract or a mere memorandum, must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties." Osborne v. Moore, 112 Tex. 361, 247 S. W. 498, and authorities there cited.

The Supreme Court in Morrison v. Dailey, 6 S. W. 426, held, however, that it does not require that the writing shall contain all the stipulations agreed to by the parties, and indicates that a writing is sufficient if it be signed by the party sought to be charged, and show an agreement to sell or convey particular land involved in the suit. There seems to be a little uncertainty in the decisions on the question of when a writing or memorandum meets the requirement of the statute, but, from all of the authorities, we believe the rule is deducible that the writing or memorandum is sufficient if it contain of the entire provisions of the contract such as by the statute of frauds are required to be in writing. Under this interpretation of the rule, such provisions of the contract as may be supplied by parol testimony, as, for instance, the consideration, may be omitted from the writing or memorandum, without detracting from the enforceability of the contract. The memorandum in question expresses an intent to bequeath to Blanche Brannon all property owned by Brannon, with definite exceptions, and in our opinion is sufficient, as against the contention here urged. Morrison v. Dailey (Tex. Sup.) 6 S. W. 426; Simpson v. Green (Tex. Com. App.) 231 S. W. 375.

The defendants' eighth proposition is:

"Where such oral agreement is relied upon, a subsequent writing expressing the maker's wish as to the disposition of his property at his death, and which gives a substantial part of his property to other persons, is insufficient to prove the alleged oral contract, or to take same out of the statute of frauds."

The reason that a written memorandum of the terms of a parol contract will take it out of the operation of the statute is that the memorandum itself supplies the requisite evidence of the terms of the contract. As said in Gray v. Devers Mercantile Co. (Tex. Civ. App.) 245 S. W. 953:

"In order to satisfy the statute of frauds, the writing relied on must be a memorandum of the actual contract as made orally. It must embrace the terms of the oral contract

sought to be enforced, or, by its own terms, be broad enough to admit evidence of all the terms of the oral contract. That is to say, the memorandum must be the evidence of the oral contract, as actually made, and only such oral evidence can be received as will explain the terms and references contained in the memorandum. It must not add new conditions, nor relieve the oral contract of any of the conditions actually made. If it is not a memorandum of the actual contract made, but is a new contract, then it does not relieve the original contract of the bar of the statute."

We think this statement correct. For authority, the opinion cites 27 C. J. 265, § 314, from which we quote as follows:

"It must disclose that it is a memorandum of the particular contract sought to be enforced, rather than of some other contract or promise. Where the writing establishes that there was, in fact, no contract, or where it evidences a contract different to that which the parties entered into, it fails to comply with the statute."

The same opinion quotes Judge Woolley in Kleman v. Anheuser-Busch Brewing Ass'n., 237 F. 993, 150 C. C. A. 643, as follows:

"It is elementary that the writing must be a memorandum of the contract, for if it states something different from the contract, it manifestly is not a memorandum of the contract, but is a memorandum of something else, and the statute is not satisfied. This principle is amply supported by the authorities, and perhaps is no better stated than by Wood in his work on Frauds, section 345, as follows:

"'In order to make a writing of this character sufficient, it must admit the substance of a previously completed contract between the parties. It cannot be used to make, but only to prove a contract already made; and although it admits the contract, if it annexes conditions to it or otherwise varies it, it has no effect as a memorandum.'"

If it be the function of the memorandum to supply the proof of the parol contract, then the rule is applicable that, in a suit upon a contract, the identical contract alleged must be proved. It is often said that this principle is axiomatic. Padgitt Bros. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124; Gammage v. Alexander, 14 Tex. 418; Bagley v. Brack (Tex. Civ. App.) 157 S. W. 247; Western Union Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549.

The contract alleged, and the one that must be proved if plaintiffs are to recover, is that J. D. Brannon, for the consideration alleged, agreed that at his death plaintiffs should have *all of his property*. The memorandum, without referring to any previous agreement, expressly or so far as we can see, by any character of inference, provides that

at his death $1,000 shall go to another party, and a 40-acre tract of land to still another party, and the remainder to Blanche. The parol contract that the memorandum would tend to prove, if any, is certainly a different contract from that alleged. It is wholly immaterial what proportion the $1,000 in cash and the 40 acres of land which the memorandum provides shall go to other parties bears to the entire estate. A question of identity of the contract is involved, and, under the rule stated above, no recovery under the allegations can be had upon proof of such a contract as the memorandum supports.

The record does not disclose what connection, if any, Blanche Brannon had with the execution by J. D. Brannon of the memorandum. If it was given to her, or she was at the time made acquainted with the fact of its execution and notified of its provisions, it occurs to us that little more evidence would be required to prove, not the contract relied on here, but a modification of same at the time the memorandum was made or delivered, somewhat of the same nature as that alleged, when Homer Brannon withdrew from the original agreement and same was renewed with Blanche Brannon alone.

At any rate, we are compelled to hold that the memorandum is not sufficient to take out of the operation of the statute the contract alleged.

It is unnecessary to call attention to the fact that defendants in error are not without remedy. Stevens v. Lee, 70 Tex. 280, 8 S. W. 40.

The judgment of the trial court is reversed, and the cause remanded.