## ALWORTH et al. v. ELLISON.
### No. 684.

Court of Civil Appeals of Texas. Eastland.
April 11, 1930.

Rehearing Denied May 9, 1930.

Turner, Seaberry & Springer, of Eastland, for plaintiffs in error.

Barker & Orn, of Cisco, for defendant in error.

HICKMAN, C. J.

We have determined that one question presented in this record is controlling, and our statement will be limited to such facts as are required to present that question. The plaintiffs in error were defendants in the trial court, and the defendant in error was plaintiff. The parties will be designated as they were in the trial court. Plaintiff sued defendants for an undivided one-sixth interest in and to certain oil and gas leases covering lands in Runnels county. On this phase of the case the petition was in the form of an ordinary action in trespass to try title. He also sued for damages for the breach of a contract to assign to him a one-sixth interest in these leases. He then, in the alternative, declared upon a quantum meruit, praying for the reasonable value of his services as a geologist in reporting on the geological formations on these lands.

The case was submitted to the jury on special issues. The court seems not to have prepared any charge, but submitted to the jury certain charges requested by the plaintiff. In answer to the several issues submitted in these specially requested charges, the jury determined: (1) That the defendants agreed with the plaintiff that, if plaintiff would do the geological work on the block of land described in the pleadings, and make a report thereon, they would defray his expenses while preparing his report, and, in the event the report justified the drilling of a well for oil and gas, they would procure leases covering said block of land in their own names, and in consideration of the work done by plaintiff they would assign to him an undivided one-sixth interest in and to said leases; (2)

640

the defendants procured oil and gas leases on approximately 8,000 acres of land in Runnels county; and (3) these leases were of the reasonable cash market value of $5 per acre in September, 1927. Issues were submitted on the plea of quantum meruit, but the jury was instructed to answer such issues only in the event the first issue was answered in the negative. Since that issue was answered in the affirmative, no answers were returned to these issues on quantum meruit. On these findings, and certain supplemental findings made by the court, judgment was entered in favor of plaintiff against defendants for $5,-000 as damages for the breach of the contract.

The contract found by the jury to have been made by plaintiff and defendants was oral. At the time it was entered into the leases on the various tracts of land had already been executed, and were held by a bank in Ballinger in escrow under the terms of a written contract between the defendants and the owners of the various tracts of land. It is unnecessary to detail the terms of the written contract between the defendants and the landowners further than to state that, by the terms thereof, the escrow agent was to deliver said leases to the defendants upon the performance by the defendants, within a stated time, of various conditions therein named, including the beginning of active drilling operations on some tract included in the block. The conditions were performed and the leases delivered after plaintiff made his report. The defendants, in their answer, among other defenses, interposed the statute of frauds, and the controlling question presented, as we conceive it, is whether, at the time of the making of the oral contract above referred to, the defendants had such an interest in land as could not be assigned by parol under articles 1288 and 3995, R. S. 1925. The position of the plaintiff is that, since at the time of the making of the oral contract the leases had not been delivered by the escrow holder to the defendants, it is immaterial that the written contract between the landowners and the defendants, under the terms of which the leases had been placed in escrow, was entered into prior to the making of this oral contract.

■ These leases were in effect deeds to oil and gas in place. We think it is well settled that the grantee in a deed placed in escrow pending performance of the conditions contained in the escrow agreement has an equitable title to the property described in the deed. Lynn v. McCoy (Tex. Civ. App.) 200 S. W. 885; Neal v. Pickett (Tex. Com. App.) 280 S. W. 748; 21 C. J. 882, 883; 10 R. C. L. 628.

■■ A person who possesses the right to have the legal title to property transferred to him upon the performance of specified conditions has the equitable title to the property.

20 C. J. 1304. The statute of frauds applies to an equitable title the same as to the legal title. Cauble v. Worsham, 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871; Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610; Dial v. Crain, 10 Tex. 444; Masterson v. Little, 75 Tex. 682, 13 S. W. 154; Sprague v. Haines, 68 Tex. 217, 4 S. W. 371; Clitus v. Langford (Tex. Civ. App.) 24 S. W. 325; Wilson v. Nugent (Tex. Civ. App.) 91 S.W. 241, 242; Little v. Childress (Tex. Civ. App.) 12 S.W.(2d) 648; Id. (Com. App.) 17 S.W.(2d) 786; 27 C. J. 201, 202, 314; 25 R. C. L. 534, 580, 691. Williston on Contracts, § 491, p. 949.

■ The case of Little v. Childress, supra, is the last expression from the Supreme Court, so far as we are advised, on the question here presented. Childress had the right to acquire an oil lease upon the performance of certain conditions. He contracted orally with Little to assign him an interest in the lease in consideration of the performance by Little of certain of these conditions. The contract was held to be violative of the statute of frauds. We cannot distinguish that case from the case at bar.

■ Since plaintiff could not maintain an action for specific performance of his contract, he could not recover damages for the breach thereof. An action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach. Cross v. Everts, 28 Tex. 524; Schulz v. Schirmer (Tex. Civ. App.) 49 S. W. 246; Pitts v. Kennedy (Tex. Civ. App.) 177 S. W. 1016; Robbins v. Winters (Tex. Civ. App.) 203 S. W. 149; 27 C. J. 314; 25 R. C. L. 691.

■ While plaintiff, in our opinion, cannot maintain his suit for specific performance or for damages for a breach of the contract, he is not without a remedy. Notwithstanding his contract may be invalid under the statute of frauds, a quantum meruit will lie for the value of his services. Stevens' Ex'rs v. Lee, 70 Tex. 279, 8 S. W. 40; Henrietta Nat. Bank v. Barrett (Tex. Civ. App.) 25 S. W. 456; Raycraft v. Johnston, 41 Tex. Civ. App. 466, 93 S. W. 237; Crenshaw v. Bishop (Tex. Civ. App.) 143 S. W. 284; Cantrell v. Brannon (Tex. Civ. App.) 16 S.W.(2d) 400.

As noted above, plaintiff declared upon a quantum meruit, but the jury did not answer the issues thereon. It therefore becomes necessary to remand the cause for another trial.

The judgment of the trial court will be reversed, and the cause remanded.

On Motion for Rehearing.

The defendant in error has filed a very able motion for rehearing, which merits, and has received, careful consideration. We recognize that the question presented by the appeal

is not easy of determination, and we are not certain that the authorities are in harmony thereon. In a restudy of the question on rehearing, we have again considered the case of Theisen v. Robison, 117 Tex. 489, 8 S.W.(2d) 646, 651, which was made the basis of the holding in Little v. Childress, cited in our original opinion. We believe the question decided in that case is not materially different from that involved here. From that opinion we quote: "In legal effect, the grants authorized by the acts are not essentially different from the grant in the ordinary oil and gas lease, such as was before the court in the Stephens County Case [113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566]. The ordinary lease confers first an option to explore for oil or gas, but, after discovery of oil or gas in paying quantities, it confers the right to produce and appropriate the oil or gas. It is immaterial that the right to appropriate the oil or gas under the 1917 and 1925 acts follows and does not precede the final lease, because, as already pointed out, the permittee or lessee may compel the execution of the final lease on performing the obligations which the act imposes on him."

To our minds this is authority for the holding that, one who has the right to compel delivery to him of a deed upon the performance of certain obligations or conditions imposed by his contract has an equitable estate in the land, even though the contract makes it optional whether the conditions are performed.

The motion for rehearing will be overruled.