### SOUTHERN OLD LINE LIFE INS. CO. v. MIMS.

#### No. 12085.

Court of Civil Appeals of Texas. Dallas.

Dec. 19, 1936.

Rehearing Denied Jan. 23, 1937.

Thompson, Knight, Baker & Harris, and Aldredge, Shults & Madden, all of Dallas, for appellant.

Coke & Coke and Julian B. Mastin, all of Dallas, for appellee.

LOONEY, Justice.

J. L. Mims sued Southern Old Line Life Insurance Company to recover for services rendered. Plaintiff alleged, in substance, that on May 23, 1931, he agreed with defendant to serve it as consulting actuary for one year at a salary of $75 per month, beginning June 1, ·1931, it being understood at the time that plaintiff would not be required, under said employment, to perform services known as "ratebook work," and that, if the latter should be required, plaintiff would be compensated extra, but that, in consideration of the year's employment, plaintiff agreed to perform certain services in connection with making an industrial report, free of charge. That early in September, and again late in December 1931, defendant requested plaintiff to engage in certain rate book work, which he did, finishing the work in January, 1932, and delivered same to defendant, who used it in its business, which, according to the schedule of fees previously agreed upon as being reasonable, amounted to the sum of $1,348; further alleging, in the alternative, that his said services in connection with the rate book revision were of the reasonable value of $1,348. Plaintiff alleged that he was discharged as consulting actuary by defendant in March, 1932, and that defendant was indebted to him in the sum of $225, salary for the months of March, April, and May, 1932; and, in the alternative, plaintiff prayed that, if denied recovery of the amount claimed as salary, that he have judgment for $250, the reasonable value of services performed in making the industrial report. However, we need not further consider the salary item of $225, nor, in the alternative, the $250 item for making the industrial report, in that, both in the court below, and here, plaintiff abandoned said items, insisting only on the right to recover $1,348 for services rendered in revising defendant's rate book.

Defendant answered by a general demurrer (which was overruled), by a general denial and special plea, setting up the statute of fraud, contending that the contract upon which plaintiff sued, being oral, was not to be performed within one year from the date of its inception.

Plaintiff's uncontradicted testimony satisfactorily shows that on May 23, 1931, he agreed to serve defendant as consulting actuary, at a salary of $75 per month for a period of one year beginning June 1, 1931; his duties being, consultations with references to policy changes, agency contracts, plans of operation, investigations, consultations with defendant's lawyers, also assistance in the preparation of quarterly and annual reports. At the time of this arrangement, rate book work was mentioned but was expressly excepted from the employment (Mr. Slaughter, president of the company, expressed the opinion that such work would not be needed); however, it was understood that, if such work should be required, plaintiff would be compensated therefor as per a schedule of fees agreed upon as reasonable. Rate book work comprehended policy forms, computation of reserves, and nonforfeiture values of policies for ages from 15 to 60 years and for policy years from 3 to 20, inclusive. Early in September and again late in December, 1931, defendant requested plaintiff to begin rate book work, and at the time of each request plaintiff called attention to the fact that such work was no part of his duties as consulting actuary. As requested, plaintiff began rate book work in September, pursuing same continuously until the latter part of January, 1932, completing the revision of defendant's rate book, adding new matter, and delivered same to defendant, who had the same printed and set up in book form, styled:

"Book of
Premium Rates and Guaranteed
Values of Policies
issued by
Southern Old Line Life
Insurance Company
Home Office, Dallas, Texas"

Since its revision, defendant has used the rate book in conducting its business, accepted and profited by plaintiff's labors, which, according to the scale of fees agreed upon as reasonable, amounted to

the sum of $1,348; said amount being the reasonable value of plaintiff's services in this respect.

The following excerpt from the judgment reveals certain of the procedure, to wit: " * * * At the conclusion of plaintiff's testimony, and after he had rested his case, the defendant made a request for an instructed verdict, which was by the court overruled; whereupon, it then filed its demurrer to the plaintiff's evidence and informed the court that it would introduce no testimony but would rely upon its demurrer to the plaintiff's evidence, and the defendant expressly requested the court to take the case, and every issue of the case, entirely from the jury, and to determine the case and all issues either for the plaintiff or for the defendant; and before any issue was submitted to the jury the plaintiff joined in said request, and both parties expressly requested and instructed the court to determine all issues, both of fact and of law, and to determine the case either for the plaintiff or the defendant. The court overruled the defendant's motion for an instructed verdict and its demurrer to the evidence and overruled the expressed request of both plaintiff and defendant that the entire case be withdrawn from the jury and determined by the court, and over the objections of both plaintiff and defendant submitted the case on the following issues, and the jury on their oaths, in response thereto, did make the following findings. * * *"

■ The answers of the jury to the five issues submitted were all favorable to plaintiff, which, in our opinion, would require the rendition of judgment for plaintiff; however, it appears that, notwithstanding the submission of the case to the jury, the court (having overruled the demurrer to the evidence) ignored the finding and rendered judgment for plaintiff on the facts.

■■ Defendant urges, as a ground for reversal, that the agreement sued upon, as shown by both pleading and proof, was within the terms and provisions of subdivision 5 of article 3995, R.C.S., because not to be performed within the space of one year from the making thereof. This question was raised in several ways, that is, in a general demurrer to plaintiff's petition, in a motion for an instructed verdict, in a demurrer to plaintiff's evidence, in a motion for judgment on the verdict, and in a motion for judgment non obstante veredicto.

But we cannot accept defendant's view of the matter; the undisputed evidence shows, we think, that no agreement for rate book work was entered into May 23, 1931; at that time it was not known that such work would be needed, the matter being discussed only in a general and inconclusive way, was left open for future development. The nearest approach to an agreement on that subject was that the schedule of fees or charges for such work, mentioned by plaintiff, was agreed to as reasonable. It was not until early in September and again in the latter part of December, 1931, that rate book work was required of plaintiff, and at the time of each of these requests plaintiff notified defendant that such work was not included in his employment as consulting actuary, but would be charged for extra. However, if it can be said that the agreement for rate book work was within the statute, yet it appearing indisputably that the rate book work required of plaintiff was completed in January, 1932, and delivered to defendant, was printed and put in book form by defendant, and used by it in its business, thus showing that defendant profited by the labors of plaintiff in this respect, hence to permit defendant, under the circumstances, to avoid paying for the services rendered, would be to permit the use of the statute to perpetrate, rather than to prevent, the accomplishment of a fraud. Authorities supporting this doctrine are legion. Stevens v. Lee, 70 Tex. 279, 8 S.W. 40; Westfall v. Perry (Tex.Civ. App.) 23 S.W. 740; Henrietta Nat. Bank v. Barrett (Tex.Civ.App.) 25 S.W. 456 (writ refused); Schultz v. Schirmer (Tex. Civ.App.) 49 S.W. 246; Raycraft v. Johnston, 41 Tex.Civ.App. 466, 93 S.W. 237 (writ refused); Crenshaw v. Bishop (Tex. Civ.App.) 143 S.W. 284; Roberts v. Carlisle (Tex.Civ.App.) 4 S.W.(2d) 144; Alworth v. Ellison (Tex.Civ.App.) 27 S.W. (2d) 639 (writ refused).

■ As heretofore shown, when plaintiff rested, the defendant demurred to the evidence, which was joined in by plaintiff. In this situation, the jury was automatically discharged from further consideration of the case, and, the demurrer being overruled, it was the duty of the court to render judgment for plaintiff, as the demurrer admitted the facts proven and every conclusion inferable therefrom, including the amount the evidence showed.

plaintiff was entitled to recover, whether arrived at according to the schedule of fees previously agreed upon as reasonable, or on a quantum meruit. See Galveston, H. & S. A. R. Co. v. Templeton, 87 Tex. 42, 26 S.W. 1066; Eberstadt v. State, 92 Tex. 94, 45 S.W. 1007; Woldert Grocery v. Veltman (Tex.Civ.App.) 83 S.W. 224; Combination Fountain Co. v. Rogers (Tex. Civ.App.) 186 S.W. 407; Wilson v. Wilson (Tex.Civ.App.) 88 S.W.(2d) 1086.

Having overruled defendant's demurrer to the evidence, the case should have been withdrawn from the jury and judgment rendered for plaintiff; however, the court erroneously submitted the case to the jury, but it seems that, ignoring the findings of the jury, the court rendered the proper judgment, as follows: "This court is of the opinion that the plaintiff, J. L. Mims, is entitled to have and recover from the defendant, based on the pleadings and on the evidence introduced in this cause, the sum of $1,348.00, and it is accordingly ordered, adjudged and decreed that the plaintiff, J. L. Mims, do have and recover of and from the Southern Old Line Life Insurance Company, defendant, his damages in the sum of $1,348. with interest thereon at the rate of six per cent per annum from the 10th day of May 1935, together with his costs in this behalf expended, and that he have his execution, to which judgment of the court the defendant, Southern Old Line Life Insurance Company, in open court duly excepts."

Defendant objected to the submission of the case to the jury and assigned error thereon, contending that, as it had demurred to the evidence (joined in by plaintiff), the court was compelled to withdraw the case from the jury and determine all questions except the issue relating to damages.

We agree that, having entertained and overruled defendant's demurrer, the court erred in submitting the case to the jury; however, ignoring the verdict, the court having rendered judgment in accordance with the undisputed facts, the defendant could not have been, and was not, prejudiced. But we do not agree that it was necessary, under the circumstances, for the court to have submitted any issue as to damages, as they were definitely liquidated by the evidence; however, the court did submit the issue, with the result that the jury found the amount to be $1,348, as contended by plaintiff and as established by the undisputed evidence.

Defendant also presents a group of assignments based upon objections to the charge of the court, which will not be considered in detail, for the reason that the case should not have been submitted at all, and besides, the judgment is based, not upon the verdict, but upon undisputed evidence clearly showing plaintiff's right to recover.

In the course of his concluding argument to the jury, plaintiff's counsel used the following language: "This defendant is not a small company. The evidence shows that it is an Eight Million Dollar Company." No objection to the argument was made at the time of its delivery, the qualification to the bill showing that the language objected to was provoked by the argument of counsel for defendant, saying that, defendant was a small home company, the evidence showing that it had in force a little over $8,000,-000 of insurance; the qualification further states that the argument was based on evidence.

Defendant seriously contends that the argument was unauthorized by evidence and so inflammatory and prejudicial as to justify reversal of the case, devoting at least six pages of its brief to the citation of numerous authorities and extensive argument. While we do not regard the assignment as at all serious, we will, out of deference to the earnest and thorough presentation, discuss the question. In the first place, the evidence showing that the company had outstanding $8,000,000 insurance, the language of counsel, saying that it is an $8,-000,000 Company was referable to that testimony and, in our opinion, could not have been reasonably understood by the jury otherwise. If objected to at the time, it would have been an easy matter for counsel to have explained the difference between outstanding insurance and the capitalization of the company, thus removing all possible confusion on that point, and, by failing to object at the proper time, defendant waived whatever prejudice that inhered in the statement. The argument seems to have been a proper reply to that of counsel for defendant, besides, if the language was calculated to prejudice defendant, such prejudice would have manifested itself in the finding of the jury as to the amount of damages; not so, however, as the jury found precisely the amount shown by undisputed evidence. But, aside from this, the fact remains that, the case should not have been submitted to the jury at all,

hence the charge and findings of the jury, together with errors and inconsistencies incident thereto, if any, should be altogether ignored, as was done by the court in rendering the judgment.

We have carefully considered all assignments and propositions urged by appellant for reversal, and, failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.